*C. F. Peterson* for defendants.

---

ANNA M. W. PETERSON *v.* HARRY PETERSON.

## No. 1068.

ERROR TO DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED APRIL 5, 1918.                    DECIDED APRIL 11, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

DIVORCE—*authority of court to grant where actual jurisdiction of defendant not acquired.*

Owing to the fact that an action for divorce is in the nature of a proceeding *in rem* under certain circumstances a court may render a valid decree of divorce although it never acquired actual jurisdiction of the person of the defendant.

SAME—*decree for alimony—jurisdiction of defendant required.*

A decree for the payment of money as alimony is essentially *in*

*personam* and it is therefore, totally void in the absence of actual jurisdiction over the person and property of the one against whom it is awarded.

JUDGMENT—*effect of full faith and credit clause of Federal Constitution applied to judgment of a sister State.*

Under the full faith and credit clause of the Federal Constitution a duly authenticated judgment of a court of a sister State, exercising its jurisdiction as a common law court, and presented in a court of this Territory, would carry with it the assumption that the court of the forum rendering the judgment not only had jurisdiction of the subject-matter of the suit but of the parties thereto and it would not be incumbent upon one who bases a right of action upon such a judgment to aver facts essential to the existence of jurisdiction.

SAME—*same.*

But it is an established rule that where a court of general jurisdiction has special and statutory powers conferred upon it which are wholly derived from statute and not exercised according to the course of common law or are not a part of its general jurisdiction it is to be regarded *quoad hoc* an inferior or limited court and its judgment to be treated accordingly, that is, its jurisdiction must appear upon the record and cannot be presumed.

COURTS—*jurisdiction in divorce matters.*

It is elementary that in the early history of jurisprudence in England the common law courts exercised no jurisdiction over divorce cases, jurisdiction in such matters resting entirely with the ecclesiastical courts of the realm. In the several States of the Union that jurisdiction rests alone with those courts upon which it has been expressly conferred by legislative enactment.

SAME—*same—pleading.*

This being true no presumption of jurisdiction obtains in such proceedings in any court of any of the States of the Union and all courts exercising jurisdiction in any such case must be taken and held to be courts of inferior or limited jurisdiction and in pleading such a judgment of another court it is necessary to aver in appropriate language its jurisdiction over the parties and the subject-matter of the suit.


OPINION OF THE COURT BY COKE, C. J.

The defendant in error, hereafter designated the plaintiff, commenced an action in the district court of Honolulu

against the plaintiff in error, hereafter designated the defendant, based upon a decree for alimony alleged to have been rendered in a divorce suit instituted by plaintiff against defendant in the superior court of California in and for the City and County of San Francisco. The plaintiff claims the sum of $300 to be due her from the defendant by virtue of the decree entered in the California court. Although regularly served with process defendant failed to respond to the summons issued out of the district court of Honolulu and upon the default of defendant plaintiff proceeded *ex parte* to the proof of her case. The only evidence introduced by plaintiff was that of her attorney, who, after filing the decree in the divorce case, testified that under the provisions of the decree defendant was indebted to plaintiff in the sum of $300. Judgment was thereupon rendered against defendant for that amount also for attorney's commissions and costs of court. Some weeks thereafter defendant appeared in the district court and filed a motion to vacate the judgment, open the default and for leave to answer. This motion, which was supported by the affidavit of defendant, recited in substance "That said defendant has a good and meritorious defense to said action, namely, that he is not indebted to said plaintiff in any sum and was not indebted to plaintiff at or before the filing of said action, nor has he been since indebted to plaintiff; that the decree of divorce purporting to award plaintiff alimony and or maintenance either for herself or for plaintiff's child, and which decree is and was the basis for the court's awarding judgment in favor of plaintiff, was and is null and void in so far as it purports or attempts to award alimony or maintenance in favor of plaintiff or her said child, for the reason that the court in which said decree of divorce was granted had no jurisdiction of the person of the defendant and personal service

of said summons and libel and the proceedings had therein was never made upon defendant, and the defendant was not at the time of the filing of said divorce proceedings a resident of California where said cause was filed and decree granted, nor has he been in the State of California since three years immediately preceding the date of the filing of said proceedings, but on the contrary this defendant has resided in the Territory of Hawaii continuously for more than six years last past, and during that period has not been in the State of California; that the judgment made and entered in the above entitled cause is null and void." The motion was denied and defendant comes to this court on a writ of error.

For the proper consideration of the cause it will be necessary for us to consider only the second, third and fourth assignments of error, which are as follows:

"2.     That said magistrate erred in rendering said judgment in favor of plaintiff and against defendant therein on the ground that there was not sufficient legal evidence upon which to base said judgment.

"3.     That said magistrate erred in rendering said judgment in favor of plaintiff and against the defendant herein on the ground that the decree of divorce for alimony upon which said claim is and was predicated is from a foreign jurisdiction, namely, the State of California, and there was and is no showing that the court issuing said decree had jurisdiction of the defendant in said cause, Harry Peterson, nor was there any showing that personal service of summons in said divorce proceedings was made upon said Harry Peterson, nor was there any showing that said court in said divorce proceedings had any authority or jurisdiction to award a personal money judgment against said Harry Peterson.

"4.     That said magistrate erred in rendering said judgment in favor of plaintiff and against defendant herein on the ground that the decree of divorce upon which said claim and judgment are predicated is and was void in so far as it

awarded a personal money judgment against said defendant."

The record herein shows that a final decree of divorce was made by the California court dissolving the marriage between plaintiff and defendant in November 1914 and that the court in September 1915 entered a modifying or varying decree requiring defendant to pay to plaintiff the sum of $25 per month for the education, maintenance and support of the minor child of the marriage during its minority, the child then being ten years of age. There is nothing in the plaintiff's complaint, the decree or modification thereof, or in any of the other records before us which shows that the California court had jurisdiction of the cause or of the parties thereto unless in a case of this nature it is proper to assume from the title of the court itself and from its record, which shows on its face that it is a court of record and has a seal and a clerk, that it had such jurisdiction. The record herein fails to show that the defendant was either actually or constructively served with process or that he ever submitted himself to the court's jurisdiction. This court is therefore, and we believe for the first time, called upon to determine what faith and credit, if any, should be given to a decree rendered by a court of a sister State under the circumstances disclosed by the records in this case, when the decree is made the foundation for an action in the courts of this Territory.

In order to enable the court in an action for divorce to render a decree for alimony which will be personally binding upon the defendant jurisdiction of the person of the defendant must be acquired and this jurisdiction cannot be acquired as regards a nonresident by constructive service. Owing to the fact that an action for divorce is in the nature of a proceeding *in rem* under certain circumstances a court may render a valid decree of divorce although it never

acquired actual jurisdiction of the person of the defendant. A judgment for alimony, however, cannot be supported on the ground that it is a mere incident of and subordinate to the right to the divorce, for a decree for the payment of money as alimony is essentially one *in personam* and is therefore totally void in the absence of actual jurisdiction over the person and property of the one against whom it is awarded. Constructive service itself, whether made by publication or by actual service of process upon the defendant without the State, is insufficient. *Hekking* v. *Pfaff,* 43 L. R. A. 618; 9 R. C. L. 398; 1 R. C. L. 884.

Obviously it is true that if the defendant was not personally served with process in the divorce proceeding within the State of California and did not voluntarily submit to the jurisdiction of the court the decree therein rendered against him for the payment of alimony was void and it follows of course that no judgment should be rendered in the courts of this Territory in a proceeding based upon the decree for alimony where no showing is made that the California court had ever acquired jurisdiction of the person of the defendant. This violates no principle of state comity. Section 1, Article 4 of the Federal Constitution provides that "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Congress, in the execution of the power conferred upon it by the Constitution, prescribed the mode of attestation of records of courts of one State to entitle them to be proved in the courts of another State and enacted that records so authenticated should have such faith and credit in every court within the United States as they have by law or usage in the State from which they are taken. By virtue then of the

full faith and credit clause of the Constitution and the
statute made in execution thereof the States of the Union
sustain toward one another a relation different from that
of foreign countries and the judgments of sister States stand
on a higher plane than foreign judgments and have an
effect and efficacy not accorded to the latter.    Judgments
recovered in one State of the Union, when proved in the
courts of another, whether state or national, within the
United States, differ from judgments recovered in a for-
eign country in no other respect than in not being re-ex-
aminable on their merits nor impeachable for fraud in ob-
taining them if rendered by a court having jurisdiction of
the cause and of the parties.    See *Christmas* v. *Russell,*
5 Wall. 290 (18 L. ed. 475) ; *Cole v. Cunningham,* 133 U. S.
107.

If under the full faith and credit clause of the Consti-
tution the district court of Honolulu was required by virtue
of the properly attested decree of the California court
which was presented to it to presume that the California
court had acquired proper jurisdiction of the cause and of
the parties it then was warranted in rendering the judg-
ment now complained of by the defendant.    Had the Cali-
fornia court been proceeding according to the course of
common law and exercising its jurisdicton as a common
law court it could not be questioned that its authenticated
judgment presented in a court of this Territory would
carry with it the assumption that the court of California
had not only jurisdiction of the subject-matter of the suit
but of the parties thereto and it would not be incumbent
on one who bases a right of action upon such a judgment
to aver facts essential to the existence of jurisdiction.    But
it is an established rule that where a court of general
jurisdiction has special and statutory powers conferred
upon it, which are wholly derived from statute and not ex-

ercised according to the course of common law or are not a part of its general jurisdiction, it is to be regarded as *quoad hoc* an inferior or limited court and its judgment to be treated accordingly, that is, its jurisdiction must appear upon the record and cannot be presumed. See 1 Black on Judgments, Sec. 275; *Kelley v. Kelley,* 161 Mass. 111, 117, 118. There is no presumption that a court of record in another State has jurisdiction to grant a divorce in a case where no service of process upon the libellee appears to have been made. *Commonwealth* v. *Blood,* 97 Mass. 538, 540. It is elementary that in the early history of jurisprudence in England the common law courts exercised no jurisdiction over divorce cases, jurisdiction in such matters resting entirely with the ecclesiastical courts of the realm. In the several States of the Union that jurisdiction rests alone with those courts upon which it has been expressly conferred by legislative enactment. This being true no presumption of jurisdiction obtains in such proceedings in any court of any of the States of the Union and all courts exercising jurisdiction in any such case must be taken and held to be courts of inferior or limited jurisdiction, and in pleading such a judgment of another court it is necessary to aver in appropriate language its jurisdiction over the parties and the subject-matter of the suit. *Galpin* v. *Page,* 18 Wall. 350; *Steele* v. *Steele,* 35 Conn. 48; *Robbins* v. *Robbins,* 140 Mass. 528. In pleading the judgments of courts of limited jurisdiction it is necessary to state the facts upon which such jurisdiction is founded. *Wheeler* v. *Raymond,* 8 Cowen 311, 314. In an action on a judgment recovered in another State, the record of which is duly authenticated and produced in evidence, it will be presumed that the court had jurisdiction of the subject-matter and the parties in the absence of proof to the contrary. But this rule does not apply where the

Syllabus.

jurisdiction was wholly dependent upon statute or the form of the proceedings unknown to the common law.　23 Cyc. 1577-78.

The plaintiff by failure to aver and prove that the court of the forum rendering the decree for alimony possessed jurisdiction over the person of the defendant, did not make out a *prima facie* case, and the judgment should have been for defendant.

The judgment of the district court herein is reversed.

*C. F. Peterson* for plaintiff in error.

*E. J. Botts* for defendant in error.

