WILMA MURPHY, Plaintiff-Appellee, *v.* BERNARD MURPHY, Defendant-Appellant

No. 5248

October 2, 1973

RICHARDSON, C. J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

The plaintiff, Wilma L. Murphy, on January 24, 1969, filed a complaint for divorce against the defendant, Bernard M. Murphy, in the Family Court of the First Circuit. The judgment of the Superior Court of the State of California for the City and County of San Francisco has been made a part of the record of this case. It shows that Bernard M. Murphy on November 1, 1968, filed a complaint against Wilma L. Murphy for permanent separate maintenance; that on March 6, 1969, Wilma L. Murphy was personally served with the California process in Honolulu, Hawaii; and that on April 4, 1969 based on her motion, the California court gave her up to and including May 6, 1969 to plead to the complaint.

The record of this case also shows that after her complaint was filed in the Family Court, she attempted to have the complaint served upon the defendant by certified mail No. 361048 posted on January 27, 1969, and No. 361068 posted on February 24, 1969. Then again on March 4, 1969, she mailed

the complaint by registered mail No. 4572. Receiving no return for any of the mail posted, the plaintiff made inquiry of the United States Post Office, Honolulu, and on February 28, 1969, she received a notice informing her that the certified mail No. 361048 was still unclaimed and that the final notice for the mail was left at the address on February 26, 1969.

Based on this information, the plaintiff on March 11, 1969, moved the court and the court issued an order authorizing the publication of the notice of pendency of the divorce action under the provisions of HRS § 580-3(d). The notice was published on March 17, 24 and 31, 1969, as ordered by the court. On April 22, 1969, the date designated in the notice, the referee heard the divorce action as an uncontested proceeding. Based on the recommendation made by the referee the Family Court on April 23, 1969, after the hearing, entered a decree granting absolute divorce to the plaintiff. The decree also ordered the defendant to convey all his right, title and interest in the real property situated in Waimanalo, Hawaii. The property was in both of their names as tenants by the entirety.

On December 29, 1970, the defendant moved to have the divorce decree set aside on the ground that the court lacked jurisdiction to grant the divorce. The referee, after a hearing, recommended the denial of the motion. Thereafter, the Family Court held a hearing and confirmed the referee's recommendation, and the defendant appealed.

In an affidavit in support of her motion to authorize the publication of the notice of the pendency of the divorce action, dated March 11, 1969, the plaintiff stated "[t]hat Plaintiff does not know the address or residence of Defendant and has not been able to ascertain either after reasonable and due inquiry and search for fifteen days before this date; [t]hat Defendant has refused to accept notice sent by certified mail; [and] [t]hat Defendant is concealing himself." The record shows that only five days before she executed the affidavit, she had been personally served with the complaint filed by Bernard M. Murphy in the California court. The plaintiff could and should have ascertained the defendant's address from the attorney representing him in the California case.

However, the record fails to show that inquiry was made of the defendant's attorney. As stated by the Florida Supreme Court in *McDaniel v. McElvy,* 91 Fla. 770, 799-800, 108 So. 820, 830-31 (1926):

> [R]esort to constructive service by publication is predicated upon necessity, and, if personal service could be effected by the exercise of reasonable diligence, substituted service is unauthorized. * * * The test, however, is not whether it was in fact possible to effect personal service in a given case, but whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.

We therefore hold that under the record, the plaintiff failed to make "reasonable and due inquiry" as to the whereabouts of the defendant and the Family Court failed to acquire jurisdiction of the defendant, notice having been published without strict compliance with the provision of HRS § 580-3(d).[1] As this court said in *Proper v. Proper,* 14 Haw. 596, 597 (1903):

> Service by publication was unknown to the common law. It exists only by statute and so cannot be made except as permitted by statute.

Reversed.

*Bernard M. Murphy, Pro se* (on the brief), defendant-appellant.

*Philip S. Frey (Emmet T. White, Jr.,* with him on the brief, *Cowan & Frey* of counsel) for plaintiff-appellee.

---

[1]HRS § 580-3(d) reads:

If it appears that the defendant has refused to accept service by mail, or is concealing himself, or evading service, or that plaintiff does not know the address or residence of the defendant and has not been able to ascertain the same after reasonable and due inquiry and search for at least fifteen days either before or after the filing of the complaint, the court may authorize notice of the pendency of the action and of a time and place of hearing, which shall not be less than twenty days after the last publication of the published notice, to be given to the defendant by publication thereof at least once in each of three successive weeks in a newspaper suitable for the advertisement of notices of judicial proceedings, published in the State, and the case may be heard and determined at or after the time specified in the notice.