**HUSBAND R, Defendant below, Appellant,**

v.

**WIFE R, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted June 16, 1976.

Decided Sept. 8, 1976.

James F. Harker and Stephen B. Potter, Wilmington, for defendant below, appellant.

H. Alfred Tarrant, Jr. and Everett P. Priestley of Cooch & Taylor, Wilmington, for plaintiff below, appellee.

Before HERRMAN, Chief Justice, and DUFFY and McNEILLY, Justices.

PER CURIAM.

This appeal raises the question of whether the Superior Court had jurisdiction to award to the wife the jointly-held marital residence in Delaware as part of a property division in ancillary proceedings following the grant of a divorce decree to the wife. The complaint contained a prayer for division of marital property; only the marital residence was marital real property in Delaware. The husband, a resident of Maryland, was served by publication and registered mail, but failed to appear in the divorce proceeding. In the ancillary proceeding he had due notice (by registered mail) and full opportunity to be heard. He entered a special appearance challenging the jurisdiction of the Superior Court over the real property.

On appeal, the husband now contends that, under these circumstances, the Superior Court lacked both *in personam* jurisdiction over him and the requisite *in rem* jurisdiction over the real property for the property division order.

We hold that by reason of the Superior Court's jurisdiction over the marriage *res, Fritz v. Fritz*, Del.Supr., 187 A.2d 348 (1962) and marital property of the parties, 13 Del.C. § 1513; *M. v. M.*, Del.Super., 321 A.2d 115 (1974), the Court had *in rem* jurisdiction over the parties' jointly-held marital residence in Delaware sufficient to support the order entered in this case. Under the circumstances of this case, no valid purpose would be served by requiring an attachment of the property, or a specification in the complaint of the only real estate owned by the parties in Delaware, as a requisite of *in rem* jurisdiction. That would be a useless technical requirement of the kind no longer favored by the law. Accordingly, we find that the requirements of both jurisdiction and due process are met under the circumstances of this case.

We note the contrariety of judicial opinion on the general subject, as reflected in the *Annotation,* 10 *A.L.R.3rd* 212, *et seq.* However, most cases discussed therein involved attempts to reach the husband's property to satisfy the wife's claims for alimony, support, or maintenance. None ap-

pear to have involved an award to the wife of a jointly-held marital residence as part of a division of marital property requested in the complaint as to which the husband had full knowledge and opportunity to be heard.

* * *

There was no abuse of discretion in the property division award made here.

Affirmed.