CRAIG SHIZUICHI OKADA, a minor, by his next friend, ICHIKO OKADA, Plaintiff-Appellant, *v.* STATE OF HAWAII, Defendant-Appellee

NO. 6341

JULY 29, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from a judgment for the State in a suit for negligence under the State Tort Claims Act. The issue is whether the court below erred in holding that the State was not negligent.

Appellant was a student at Hilo Intermediate School in a class of eight pupils with learning disabilities. The teacher was Mrs. Ueoka. On the morning of the accident, Mrs. Ueoka decided to let the appellant and two others clean out a terrarium which had been a part of a school project. The terrarium consisted of dirt and rocks along with plants in a large glass jug with a very small neck. Mrs. Ueoka selected the day in question because the students in her class appeared to be calm and settled down that day. She and the three boys designated to clean the jug decided that the boys would take the jug to the vicinity of a faucet approximately 35 feet from the classroom and there hose water into the jug, shake it around and then dump out the water and hopefully the dirt into a nearby gingerbed. Mrs. Ueoka, realizing that they were dealing with a glass jug and that someone might get cut, positioned herself so as to be able to observe and supervise the boys as they worked at cleaning out the jug. The crucial findings of the court below are Nos. 10, 11, 12 and 13, which read as follows:

10. The washing of the bottle proceeded smoothly for several minutes while Mrs. Ueoka observed from the classroom window. As progress in washing out the soil

was slow, the boys decided to invert the bottle, insert the hose into the mouth and let the flow of water wash the soil out. The proceeded to use this method for several minutes and it appeared to be working well. Mrs. Ueoka at no time witnessed the boys so clearing the bottle. Her attention was momentarily drawn to a student in the classroom who had just asked her a question about a math problem. Within seconds, she heard a loud pop and turned to see Charles and Craig with their hands to their faces.

11. The bottle had exploded and the shattered glass had caused injury to both Craig and Charles.

12. The supervision provided by Vivian Ueoka under the circumstances was adequate and reasonable; she was in no way negligent.

13. The explosion of the bottle was sudden, unforeseeable and could not have been prevented even with closer supervision.

Clearly, Mrs. Ueoka had a duty to supervise the boys while they were cleaning out the jug.

Obviously, a momentary distraction from the observance of the boys in cleaning the jug might or might not be a breach of duty, but failing to observe them for a period of several minutes during which time they followed an unapproved procedure for cleaning out the jug, which apparently the court found in finding 10, would be a breach of the duty to supervise, and hence negligence.

There is, therefore, an inconsistency between the specific findings in finding 10 and the general finding (finding 12) that her supervision in the circumstances was adequate and reasonable and that she was in no way negligent. Given the specific facts found in finding 10 and the reasonable inferences which must be drawn therefrom, finding 12 is clearly erroneous.

Finding 13, that the explosion of the bottle was sudden and unforeseeable and could not have been prevented even with closer supervision, does not resolve the problem created by the inconsistency. While foreseeability has an important place in the law of negligence, *McKenna v. Volkswagenwerk*, 57 Haw. 460, 558 P.2d 1018 (1977); *Mitchell v. Branch and*

*Hardy*, 45 Haw. 128, 363 P.2d 969 (1961), it is not necessary that the exact manner of the accident or injury be foreseeable. Restatement (Second) of Torts § 435(1) (1965). Moreover, Mrs. Ueoka, had she observed the unapproved method the boys were using to clean out the jug, certainly would have had time to stop the same under the findings below.

This is not to say that the method employed by the boys for cleaning the jug, which apparently led to the explosion, was or was not foreseeably unsafe; nor is it to say that the failure to observe, alone or combined with the unapproved method of cleaning the jug, was a proximate cause of the accident.

Moreover, there was testimony, not only from Mrs. Ueoka, but from the boys, from which the trier of fact might have found that there was no lengthy failure of observation. In these circumstances, although the inconsistencies in the findings cause us to reverse for a new trial we direct that on such a new trial, the issue of whether Mrs. Ueoka was negligent, as well as all the other issues, be retried.

*Kazuhisa Abe (Arnold T. Abe* on the Briefs) for plaintiff-appellant.

*Melvin M. Miyagi (Kenneth P. H. Nam* on the Brief) for defendant-appellee.