MARCELLINO CALASA, Plaintiff-Appellee, *v.* BLAINE GORDON GREENWELL, Defendant-Appellant, and Heirs of JOHN KAMAHELE, SR., Heirs of KAPAOLE, ALFRED ARUDA and MARY T. ARUDA, and all persons claiming an interest in the premises, Defendants.

NO. 7188

CIVIL NO. 2913

SEPTEMBER 9, 1981

HAYASHI, C.J., BURNS, J., AND CIRCUIT JUDGE CHUN
IN PLACE OF ASSOCIATE JUDGE PADGETT, DISQUALIFIED

OPINION OF THE COURT BY BURNS, J.

This is an appeal of the trial court's denial of Defendant-Appellant Greenwell's Hawaii Rules of Civil Procedure (HRCP), Rule 60(b)(4), motion to vacate the Entry of Default and the Decree Quieting Title.

The issues are whether the trial court erred in deciding (1) that Greenwell did not bring his HRCP, Rule 60(b)(4), motion to vacate decree within a reasonable time; and (2) that Greenwell was properly served by publication pursuant to Hawaii Revised Statutes (HRS) §§ 669-3 (1968, as amended) and 634-59 (1968, as amended). We answer (1) yes and (2) no and we affirm.

On December 19, 1975, Plaintiff-Appellee Calasa filed a complaint to quiet title to a parcel of land in Kula, Maui. Appellee named the heirs of John Kamahele, Sr., the heirs of Kapaole, Blaine Gordon Greenwell, Alfred Aruda and Mary T. Aruda, and all persons claiming an interest in the premises as defendants. Appellee also filed a motion for publication of summons pursuant to HRS §§ 634-59 (1968, as amended) and 669-3 (1968, as amended), which the court granted.

As required by the Order for Publication of Summons, a copy of the summons was posted on the property and a copy was published in the *Maui Sun,* a newspaper of general circulation, on December 24, and 31, 1975, and on January 7, and 14, 1976. Defendants Alfred Aruda and Mary T. Aruda were personally served.

All defendants having failed to respond as required on February 6, 1976, Calasa requested and the court clerk filed an entry of default as to all defendants. Thereafter, on March 10, 1976, the court filed a Decree Quieting Title in favor of Calasa.

Two years later, on March 31, 1978, Greenwell filed a HRCP, Rule 60(b), Motion to Vacate Decree Quieting Title. In an accompanying affidavit, he attested that he did not receive any notice of the quiet title action, that he had previously purchased good and clear title to the property, and that it would have been little or no trouble to obtain his correct mailing address.

Greenwell's ownership claims are based on a 1973 deed from Abraham McAulton. In 1974, Greenwell sued McAulton on that deed for breach of contract. He won a $7,831.66 default judgment

plus attorney's fees and costs.[1]

Prior to filing the quiet title action, Calasa's counsel contacted the attorney who had represented Greenwell against McAulton. After informing the attorney that a quiet title action was being filed on behalf of Calasa in which Greenwell would be named defendant, he asked for information as to Greenwell's whereabouts. The attorney informed him that Mr. Greenwell was somewhere in New Jersey and suggested that Mr. Greenwell had already obtained relief in *Greenwell v. McAulton*, Civil No. 2395, Second Circuit.

Calasa's counsel reviewed the record in Civil No. 2395 and read an affidavit by Greenwell's attorney attesting that he knew "by his own knowledge that a certain Calasa has superior title to that of [McAulton's]. . . ."

At the hearing on the motion on June 9, 1978, Greenwell's attorney provided the court with a 1977-78 State of Hawaii property tax bill[2] for the parcel in question,[3] addressed to Greenwell at Greenwell's Hawaii mailing address.

The trial court denied the motion because the motion was not brought within a reasonable time and because Greenwell was properly served by publication.

We deduce that Greenwell sought relief under Rule 60(b)(4), HRCP (1972), contending that the judgment is void. The motion to vacate cannot be viewed as a Rule 60(b)(6), HRCP, motion because "that clause (6) and the first five clauses are mutually exclusive and . . . relief cannot be had under clause (6) if it would have been available under the earlier clauses." 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 2864 (1973); 7 MOORE'S FEDERAL PRACTICE ¶ 60.27[2] (2d. ed. 1979).

HRCP, Rule 60(b)(4), differs from the other five clauses of the rule. It does not involve a question of judicial discretion, does not require the moving party to show a meritorious defense, and is not restricted by a reasonable time requirement. 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 2862 (1973).

---

[1] At the time of oral argument, Greenwell had received $3,789.07 toward satisfaction of the judgment.

[2] The court was not provided with the relevant 1975-1976 bill.

[3] Apparently, the State Tax Department was not aware of the March 10, 1976, Decree Quieting Title.

Thus, we summarily dispose of Issue No. 1.[4] Except in exceptional situations, there is no time limit on an attack on a judgment as void. 7 MOORE'S FEDERAL PRACTICE ¶ 60.25[4] (2d. ed. 1979); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 2862 (1973). This not being an exceptional situation, the trial court erred in deciding that the motion was not brought within a reasonable time.

The next question is whether there has been due process of law. To decide that question, we must first decide whether Calasa "strictly complied" with the requirements of HRS §§ 669-3 (1968, as amended) and 634-59 (1968, as amended); *Murphy v. Murphy*, 55 Haw. 34, 514 P.2d 865 (1973).

When Calasa filed his motion for publication of summons in late 1975, HRS § 634-59(2)[5] (now numbered HRS § 634-23(2) ) read:

> If a defendant is unknown or does not reside within the State or cannot for any reason be served with process within the State, and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may be ordered that service be . . . by publication, as may be appropriate; provided, that service by publication shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by Section 634-60 [service outside the State or by registered mail].

Greenwell does not claim that he could have been served with process within the State. He claims that Calasa's failure to locate his Hawaii mailing address, which he claims would have led to him and his mainland address, constitutes non-compliance with the statute. We disagree. We hold that the lower court did not err when it decided that Calasa satisfied the requirements of HRS §§ 669-3 (1968, as amended) and 634-59 (1968, as amended).[6]

---

[4] In *Stafford v. Dickison*, 46 Haw. 52, 374 P.2d 665 (1962), the Hawaii Supreme Court mentioned but did not rule on this issue.

[5] Act 89, 1972 Hawaii Session Laws (SLH), effective July 1, 1973.

[6] Pursuant to Act 183, 1976 SLH, effective June 1, 1976, HRS § 634-59 (1968, as amended) (now numbered HRS § 634-23(2) ) was amended to read as follows:

> If a defendant is unknown or does not reside within the State or if, after due diligence, he cannot be served with process within the State, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be

The final question is whether the procedure in this case satisfied due process requirements. If it did not, the judgment is void. 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 2862 (1973); *Accord,* MOORE'S FEDERAL PRACTICE, ¶ 60.25[2] (2d. ed. 1979).

In *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306 (1950), the United States Supreme Court held:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations omitted.] The notice must be of such nature as reasonably to convey the required information, [citation omitted] and it must afford a reasonable time for those interested to make their appearance, [citations omitted]. But if with due regard for the practicalities of the case these conditions are reasonably met, the constitutional requirements are satisfied.

*Id. at 314-315.*

However, "[t]he requirements of due process frequently vary with the type of proceeding involved." (Footnote omitted) 16A AM. JUR. 2d, *Constitutional Law,* § 815 (1979). Thus, when the proceedings involve title to land located in the jurisdiction and a non-resident defendant whose address is unknown, service by posting a copy of the summons on the land and by publication satisfies the requirements of due process. *Bicknell v. Herbert,* 20 Haw. 132 (1910), *aff'd* 233 U.S. 70, 34 S.C. 562; *Byrne v. Allen,* 10 Haw. 668 (1897); *Pennoyer v. Neff,* 95 U.S. 714 (1877).

Consequently, we hold that service by publication in conformity with HRS § 634-59 (1968, as amended) and by posting a copy of the summons on the property involved was a reasonably calculated

---

made . . . by publication . . .; provided, that service by publication shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by section 634-24 [service outside the State or by registered mail]. The affidavit required by this paragraph shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to locate and effect personal service on the defendant. . . .

We do not decide whether the result in this case would be the same under the new language.

means by which to inform Greenwell of the quiet title action and thus was consistent with the due process of law requirements of both the state and the federal constitutions. Therefore, the judgment is not void.

Affirmed.

*Jeffrey Taylor (John F. Schweigert* with him on the brief) for defendant-appellant.

*Guy P. D. Archer* for plaintiff-appellee.