JOSEPH L. RODRIGUES, Plaintiff-Appellant, *v.* CAROL J. RODRIGUES, Defendant-Appellee

NO. 11647

(FC-D 85-0495)

DECEMBER 4, 1987

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Joseph L. Rodrigues (Joseph) appeals the September 12, 1986 divorce decree. Specifically, Joseph appeals the family court's decision that it lacked jurisdiction to divide and distribute some of the property of the parties because it lacked in personam jurisdiction over defendant Carol Rodrigues (Carol) and in rem jurisdiction over the property. We affirm the family court's ruling that it lacked in personam jurisdiction over Carol and in rem jurisdiction over the property of the parties. Consequently, we *sua sponte*[1] vacate portions of the September 12, 1986 divorce decree wherein the family court purported to decide in Joseph's favor issues relating to spousal support and the division and distribution of some of the property and debts of the parties.

The issues and our answers are as follows:

1. In Hawaii divorce cases where the defendant is served by publication, can the family court acquire in rem jurisdiction to divide and distribute the property and debts of the parties? With respect to the parties' property and debts located in Hawaii, the answer is yes.

2. In Hawaii divorce cases where the defendant is served by publication, how can the family court acquire in rem jurisdiction to divide and distribute the parties' property and debts located in Hawaii? The family court can acquire such jurisdiction by satisfying the following requirements: (1) the requirement that the defendant had certain minimum contacts with Hawaii such that the exercise of in rem jurisdiction over the property in Hawaii does not offend traditional notions of fair play and substantial justice; (2) the requirements imposed by Hawaii Revised Statutes (HRS) § 580-3(d) (1985); and (3) the requirement that the publication reasonably identify the parties' property and debts located in Hawaii over which in rem jurisdiction is being exercised.

3. In this case, was the family court right or wrong when it decided that it did not have in rem jurisdiction to divide and distribute some of the parties' property located in Hawaii? It was right.

---

[1] See *Application of Rice*, 68 Haw. ____, 713 P.2d 426 (1986).

4. In this case, did the family court have jurisdiction to divide and distribute some of the property and debts of the parties and to adjudicate their rights and liabilities as to spousal support? No.

Joseph and Carol were married on October 2, 1976. Their daughter was born on December 17, 1970 prior to their marriage. Throughout their marriage, both Joseph and Carol lived in Hawaii. Carol had a Hawaii driver's license. She owned separate and joint bank accounts and other personal property in Hawaii. She worked at Red Baron's Pizza Parlor in Waianae, Hawaii. She jointly owned with Joseph a house and lot in Waianae, Hawaii.

On December 28, 1984 Carol left Joseph and took their daughter with her without informing Joseph where they were going or whether they would be returning. A few days later, Carol telephoned Joseph, refusing to give him her telephone number and address. At that time Joseph mentioned that he would be getting a divorce. Carol replied that she would think about it.

On February 7, 1985 Joseph filed a complaint for divorce in which he requested that an unspecified portion of the property of the parties be awarded to him.

Joseph exhausted all known resources in his attempts to locate Carol. He contacted her relatives, friends, former employers, and their daughter's school; he flew to Maui, Kauai, California, Nevada, Colorado, and Arizona; he examined documents, including telephone bills, for clues to Carol's whereabouts.

On March 19, 1986 Joseph filed an asset and debt statement listing the following assets and debts:

| Item | Title | Gross Value | Debt |
|---|---|---|---|
| 87-204 Auyong Homestead Rd. | Joint | $85,000 | $32,000 |
| 1956 VW Bug | Joint | | |
| 1968 VW Bug | Joint | | |
| 1968 Chevrolet Truck | Joint | | |
| 1968 VW Camper | Joint | | |
| 1971 Toyota | Joint | | |
| Ironworkers Union Local 625 unmatured retirement benefits for 24 years of service | Husband | | |
| Tools | Husband | 5,000 | |
| Sears | Husband | | 1,200 |

Because Carol could not be located for personal service, Joseph, on February 5, 1986, moved for service by publication pursuant to HRS § 580-3(d) (1985) and Hawaii Family Court Rules 4(e) (3) (i) and 88. The family court authorized publication as follows:

It appearing to the satisfaction of the undersigned that service by publication is appropriate and reasonable,

IT IS HEREBY ORDERED that this cause be set for hearing on March 25, 1986 at 2:00 p.m. of said day in the Family Court, Kaahumanu Building, 2nd Floor, 777 Punchbowl Street, Honolulu, Hawaii.

IT IS HEREBY FURTHER [ORDERED] that notice of the pendency of this cause and of the above ordered time and place of hearing thereof be given to the Defendant above named by publication of such notice in The Honolulu Advertiser, a newspaper suitable for the advertisement of notices of judicial proceedings, published in this State, which publication shall be at least once in each of three (3) successive weeks, the last publication to be not less than twenty (20) days prior to the time above set for hearing; and

IT IS HEREBY FURTHER ORDERED that such notice include the statement that in the event the Defendant fails to appear and defend as required further action may be taken in this cause, including judgment for the relief demanded in the complaint, without further notice to the Defendant.

The publication in the Honolulu Advertiser on February 14, 21, and 28, 1986, addressed to Carol, stated as follows:

GREETING: You are hereby notified that a Complaint for Divorce has been filed in this Court against you and is set for hearing in the Courtroom of the Presiding Judge of the above-entitled Court, Kaahumanu Building, Second Floor, 777 Punchbowl Street, Honolulu, Hawaii, on Tuesday, March 25, 1986, at 2:00 o'clock in the afternoon of said day. In the event you fail to appear, further action may be taken in this cause, including Judgment for the relief demanded in the Complaint, without further notice to you.

On March 25, 1986 Carol did not appear at the scheduled divorce hearing, and the hearing proceeded by default.[2]

On September 12, 1986 the trial court filed its decree as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

(1) A decree of absolute divorce is hereby granted to Plaintiff, the bonds of matrimony between Plaintiff and Defendant are hereby dissolved and the parties hereto are restored to the status of single persons, and either party is permitted to marry from and after the effective date of this decree.

(2) The parties shall have the joint legal care, custody and control of the minor child of the parties, and Defendant is awarded the physical custody of said minor child until otherwise mutually agreed or until further order of the Court, subject to Plaintiff's rights of reasonable visitation. The custodial parent shall keep the noncustodial parent informed of the residence address and telephone number of said minor child.

(3) The name and birth date of the minor child of the parties [is] as follows:

| Name | Birth Date |
|---|---|
| DOLORES ANN RODRIGUES | December 17, 1970 |

(4) Other matters covered by this decree are as follows:

(a) No spousal support is requested by either party and none shall be awarded.

(b) The issue of child support is reserved for future determination by this Court.

(c) Each party shall retain as his or her sole and separate property any and all interests in any retirement, pension and/or profit sharing plans which he or she has accumulated or may subsequently accumulate and/or receive as a result of his or her employment and/or military service.

(d) Each party shall be responsible for and pay any and all outstanding debts personally incurred by him or her at any time.

---

[2] This appeal was placed on the ready calendar on February 6, 1987 and assigned to this court on February 27, 1987. No answering brief was filed. Counsel entered an appearance on behalf of defendant Carol J. Rodrigues on November 10, 1987.

·(e) Each party shall retain as his or her sole and separate property any and all personal effects, belongings, household goods, tools and other personal property in his or her possession.

(5) The Court has no jurisdiction to award, divide or distribute jointly-owned property or joint debts of the parties, including the following items:

(a) The 1971 Toyota (BEN 345), 1968 VW Camper (AXJ 598), 1968 Chevrolet Truck (BGT 620), 1968 VW Beetle (BGT 619), and 1956 VW Beetle (BGT 616 automobiles; and

(b) The real property located at 87-204 Auyong Homestead Road, Waianae, Hawai[i] 96792.

Hawaii family courts are statutorily mandated to justly, equitably, and finally divide and distribute the estate of the parties, real, personal, or mixed, whether community, joint, or separate. *See* HRS § 580-47(a) (3) (1985).

HRS § 580-3 (1985) states in relevant part as follows:

Service. (a) The complaint for annulment, divorce, or separation, and the summons shall be served by an authorized process server on the defendant personally if the defendant is within the State, unless the defendant enters an appearance in the case, and except as hereinafter otherwise provided.

\* \* \*

(d) If it appears that the defendant has refused to accept service by mail, or is concealing oneself, or evading service, or that plaintiff does not know the address or residence of the defendant and has not been able to ascertain the same after reasonable and due inquiry and search for at least fifteen days either before or after the filing of the complaint, the court may authorize notice of the pendency of the action and of a time and placing of hearing, which shall not be less than twenty days after the last publication of the published notice, to be given to the defendant by publication thereof at least once in each of three successive weeks in a newspaper suitable for the advertisement of notices of judicial proceedings, published in the State, and the case may be heard and determined at or after the time specified in the notice.

HRS § 580-3.5 (1985) states as follows:

Personal judgment against absent defendant. In any proceeding in the family court, the court shall have the power to render a personal judgment against a party who is outside of this State and over whom jurisdiction is acquired by service of process in the manner set forth in section 580-3(b) or (c), if the party was personally served with a copy of the summons or order to show cause and complaint or other pleading upon which the judgment is based and if the party was a domiciliary of this State (1) at the time that the cause of action which is the subject of the proceeding arose, or (2) at the time of the commencement of the proceeding, or (3) at the time of service.

Under *Peterson v. Peterson*, 24 Haw. 239 (1918), the family court in a divorce case, by service by publication on an absent defendant described in HRS § 580-3(d), can acquire in rem jurisdiction to dissolve the marriage. Under HRS §§ 580-3 and -3.5, the family court, by personal service in or out of Hawaii, can acquire in personam jurisdiction over Hawaii domiciliaries. There is, however, no statutory or common law basis for the Hawaii family court, by service by publication in a divorce case, to acquire in personam jurisdiction over the defendant, even if defendant is a domiciliary of Hawaii. *See Murphy v. Murphy*, 55 Haw. 34, 514 P.2d 865 (1973); *Arakaki v. Arakaki*, 54 Haw. 60, 502 P.2d 380 (1972). Thus, although the family court had in rem jurisdiction to dissolve the Rodrigues' marriage, it did not have in personam jurisdiction over Carol with respect to custody, visitation, and support of their minor daughter, spousal support, or the division and distribution of their property and debts.

Upon a review of applicable authorities such as *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed. 683 (1977) (when claims to the res are not the source of the underlying controvesy, presence of res in state insufficient for exercise of in rem jurisdiction absent other ties between the state, defendant, and litigation); *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957) (ex parte divorce has no effect on property right of nonresident defendant served by publication); *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (constitutional due process requirement precludes judicial settlement of a

trustee's annual account absent a serious effort to personally inform the income beneficiaries of the proposed action); *Husband R. v. Wife R.,* 366 A.2d 1193 (Del. 1976) (attachment or specific identification of res in complaint not required for in rem jurisdiction where res is marital residence that is sole marital property in state); *Burton v. Burton,* 448 So.2d 1229 (Fla. App. 1984) (Florida court had in rem jurisdiction over Florida res described in the petition for divorce where unlocatable defendant was served by publication); *Peterson v. Peterson,* 24 Haw. 239 (1918) (in rem jurisdiction valid for dissolution of marriage but not alimony); *Byrne v. Allen,* 10 Haw. 668 (1897) (proceeding in rem is action between parties where the direct object is to reach and dispose of property owned by them or of some interest in them); *Calasa v. Greenwell,* 2 Haw. App. 395, 633 P.2d 553 (1981) (service by publication valid in quiet title action on unlocatable defendant), we conclude that in Hawaii divorce cases where the defendant is served by publication, the family court can acquire in rem jurisdiction to divide and distribute the parties' property and debts located in Hawaii by satisfying the following requirements: (1) the requirement that the defendant had certain minimum contacts with Hawaii such that the exercise of in rem jurisdiction over the property and debts located in Hawaii does not offend traditional notions of fair play and substantial justice; (2) the publication requirements imposed by HRS § 580-3(d) (1985); and (3) the requirement that the publication reasonably specify and identify the parties' property and debts located in Hawaii over which in rem jurisdiction is being exercised.[3]

The purpose of requirement 3 is to inform the targets of the publication upon what specific Hawaii res in rem jurisdiction is being exercised. We are aware that in divorce cases where the family court's jurisdiction over the parties is in personam, no identification of property is necessary. That is because the family court has jurisdiction over all of the parties' property and debts, wherever located. The situation is different where the family court's jurisdiction is in rem and limited to the property and debts located in Hawaii. Since the constitutional right to due process includes the

---

[3] Logically, requirements (1) and (3) apply to in rem jurisdiction cases where the defendant who is not a Hawaii domiciliary is lawfully served in person or by mail outside of Hawaii.

right to a reasonably sufficient notice, *see Taylor v. Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), we conclude that in the in rem situation, the notice must reasonably specify and identify the property and debts located in Hawaii over which in rem jurisdiction is being exercised. In rem jurisdiction is not obtained over any property and debts located in Hawaii not reasonably specified and identified in the publication.

In this case, requirement 3 was not satisfied. Therefore, the family court had neither in personam jurisdiction over Carol nor in rem jurisdiction over any of the property and debts of the parties. Consequently, we conclude *sua sponte* that paragraphs (2), (4) (a), (b), (c), (d), and (e) of the September 12, 1986 divorce decree are void. In all other respects, the September 12, 1986 divorce decree is affirmed.

*Charles W. Totto (Ing and Lebb* of counsel) on the brief for plaintiff-appellant.

*William J. Worthington* and *Sharyn Stephani Monet* for defendant-appellee.