**DON PAUL**, Plaintiff–Appellee, v. **LESLIE M. PAUL**, Defendant–Appellant

NO. 15664

(FC–D NO: 90–2080)

MAY 1, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE YIM, ASSIGNED BY REASON OF VACANCY

AMENDED OPINION OF THE COURT BY BURNS, C.J.

Defendant Leslie M. Paul (Leslie) appeals the family court's (a) August 7, 1991 order granting Plaintiff Don Paul's (Don) July 24, 1991 motion to strike Leslie's June 17, 1991 motion to set; and (b) September 18, 1991 order denying Leslie's August 27, 1991 motion for reconsideration. We affirm.

## FACTS

In FC–D No. 90–2080, which was initiated by Don, Leslie was served by publication that did not attempt to satisfy the in rem jurisdiction requirements outlined in *Rodrigues v. Rodrigues*, 7 Haw. App. 102, 747 P.2d 1281 (1987). The family court, on March 4, 1991, entered a Decree Granting Absolute Divorce (Divorce Decree) which stated in relevant part as follows:

\* \* \*

(2) All other matters including but not limited to alimony, division of real property, division of the household goods, furnishings and effects of the parties, division of automobiles, division of personal property, division of insurance policies, ownership of credit cards, division of joint accounts, division and responsibility for

joint debts, and the division of the retirement/pension pay and/or benefits of the parties are all hereby reserved for further order by a court of competent jurisdiction.

\* \* \*

We agree with the family court's implicit conclusion that the Divorce Decree did not decide the issues listed in paragraph (2) because the family court did not have jurisdiction to decide those issues.

Notwithstanding the fact that FC–D No. 90–2080 had progressed to the point where the time for taking an appeal had passed and, according to Hawai'i Family Court Rules (HFCR) Rule 87(a), Don's attorney was no longer Don's attorney of record, Leslie, on June 17, 1991, filed in FC–D No. 90–2080 a motion to set the property division and distribution issues for a hearing and served it by mail on Don's attorney. Leslie's motion to set, which included her position statement and financials, was heard on July 2, 1991. At that hearing both attorneys were present, but Don was not present. On July 3, 1991, pursuant to the stipulation of the two attorneys, an expedited trial was set for August 2, 1991 at 8:30 a.m.

On July 24, 1991 Don's attorney filed Don's Motion to Strike Motion to Set, or in the Alternative to Continue Trial. On August 7, 1991 the family court entered an order granting Don's motion to strike Leslie's motion to set. The family court concluded that the proper way for Leslie to litigate the property division and distribution issues was by an order to show cause served on Don and not by a motion to set served on the attorney who previously represented Don in FC–D No. 90–2080.

## DISCUSSION
### I.

Divorce cases involve a maximum of four discrete parts: (1) dissolution of the marriage; (2) child custody, visitation, and support; (3) spousal support; and (4) division and distribution of

property and debts. *Eaton v. Eaton*, 7 Haw. App. 111, 748 P.2d 801 (1987). When the family court entered the Divorce Decree, it did not have personal jurisdiction over Leslie or in rem jurisdiction over any of the property and debts of the parties located in Hawai'i. Therefore, it had jurisdiction over only part (1). *Rodrigues v. Rodrigues, supra.*

Hawai'i Revised Statutes (HRS) § 580–56 (1985)[1] specifies what happens to property division and distribution issues that

---

[1] HRS § 580–56 (1985) reads as follows:

**Property rights following dissolution of marriage.** (a) Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action.

(b) Following the entry of a decree of divorce in any matrimonial action in which the final division of the property of the parties to such action is reserved for further hearings, decisions, and orders, notwithstanding the provisions of section 560:2–802, or any other provisions of the law to the contrary, each party to such action shall continue to have all of the rights to and interests in the property of the other party to such action as provided by chapter 533 and chapter 560, or as otherwise provided by law to the same extent he or she would have had such rights or interests if the decree of divorce had not been entered, until the entry of a decree or order finally dividing the property of the parties to such matrimonial action, or as provided in subsection (d) of this section.

(c) When a party to a matrimonial action has remarried following the entry of a decree of divorce, in which the final division of the property of the parties is reserved for further hearings, decisions, and orders, but prior to the entry of a decree or order finally dividing the property owned by the parties to that action, notwithstanding the provisions of chapter 533 and chapter 560, the spouse of such remarried party shall have none of the rights or interests in the former spouse's real property or personal estate as provided in chapter 533 and chapter 560, or as otherwise provided by law, until such time as a decree or order finally dividing the property owned by the parties or either of them as of the effective date of the entry of the decree of divorce dissolving his or her prior marriage shall be entered. Upon the entry of a decree or order finally dividing the property of the parties to a matrimonial action in which a decree of divorce has been entered, the spouse of a party to such action who has remarried shall have all of the rights of a spouse as provided by chapter 533 and chapter 560, or as otherwise provided by law, in and to the property

remain undecided after the entry of a decree of divorce. ***Boulton v. Boulton***, 69 Haw. 1, 730 P.2d 338 (1986). However, we conclude that HRS § 580–56 does not apply where the family court did not have jurisdiction to finally adjudicate part (4). Otherwise, a family court that did not have jurisdiction to finally divide and distribute the property and debts of the parties would, in fact and law, divide and distribute them. Therefore, HRS § 580–56 does not apply in this case.

There are various possibilities with respect to the family court's entry of a decree of divorce finally deciding part (1):

(A) The family court had jurisdiction over part (1) but not part (4). It finally decided part (1) and ignored part (4) and/or left part (4) to be decided by a court with jurisdiction to do so. HRS § 580–56 does not apply.

(B) The family court had jurisdiction over part (1) but not part (4). It finally decided part (1) and part (4) or finally decided part (1) and purported to reserve jurisdiction to decide part (4). HRS § 580–56 does not apply.

(C) The family court had jurisdiction over part (1) but not part (4). It finally decided part (1). It subsequently acquired jurisdiction over part (4). HRS § 580–56(d)'s "one year" began to run when the family court acquired jurisdiction over part (4).

---

of the former spouse vested in such spouse by such decree or order finally dividing the property of the parties or either of them, as of the effective date of the entry of the decree of dissolution of the prior marriage.

(d)  Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to dower or curtesy in the former spouse's real estate, or any part thereof, nor to any share of the former spouse's personal estate.

(D) The family court had jurisdiction over part (1) and part (4). It finally decided part (1) and ignored part (4). HRS § 580–56(a) applies.

(E) The family court had jurisdiction over part (1) and part (4). It finally decided part (1) and reserved jurisdiction to decide part (4). HRS § 580–56(d)'s "one year" began to run when the family court finally decided part (1).

This case presents situation (A). The family court recognized that it did not have jurisdiction to decide part (4) and expressly left part (4) to be decided by a court with jurisdiction to do so.

After the family court that has jurisdiction over only part (1) of a divorce case enters the divorce decree and the time for appeal has expired, how does either party bring part (4) to the family court for adjudication? HFCR Rule 3 requires a party to do so by filing an "initial pleading" with the court. Nothing in the HFCR requires or prohibits that initial pleading from being designated a "Motion to Set" or from being filed under the same FC–D number as was used in the case involving only part (1). Therefore, we conclude that Leslie's June 17, 1991 Motion to Set satisfied HFCR Rule 3's "initial pleading" requirement.

## II.

In the absence of a relevant statute, the service requirement is governed by the HFCR. *See In re Vockrodt*, 50 Haw. 201, 436 P.2d 752 (1968).

There is a relevant difference between HFCR Rule 4(d)(1) and Hawaiʻi Rules of Civil Procedure (HRCP) Rule 4(d)(1). HRCP Rule 4(d)(1) allows personal service upon an individual to be accomplished in the following ways: (A) by delivering a copy to the individual personally; or (B) if the individual cannot be found, by leaving copies thereof at his dwelling or usual place of abode with some person of suitable age and discretion then residing therein; or (C) by delivering a copy to an agent authorized (1) by appointment or (2) by law to receive service. In contrast, HFCR

Rule 4(d)(1) allows personal service to be made only by delivering a copy to the individual personally. Therefore, the family court does not acquire personal jurisdiction over Don until Don is personally served with process pursuant to HFCR Rule 4. In the family court, Leslie contended that (1) the July 3, 1991 stipulation of Don's attorney setting the matter for trial and (2) the July 24, 1991 motion to strike filed by Don's attorney each satisfied the personal service of process requirement. We conclude that neither satisfied the personal service of process requirement.

A party may waive the service of process. 62B AM. JUR. 2D *Process* § 111 (1990). Thus, a valid appearance and waiver of service signed by the party is a valid substitute for personal service upon the signing party. In this case, however, there is no evidence that Don waived the service of process.

Don's attorney entered into a stipulation to set the matter for a hearing and he filed a motion to strike the motion to set or to postpone the hearing to which he had previously stipulated. Under the HRCP, these acts by Don's attorney may or may not have satisfied the HRCP's personal service of process requirement because "[i]n the absence of a controlling statute, an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established." 7 AM. JUR. 2D *Attorneys at Law* § 146 (1980) (citations omitted). In this case, there is no controlling statute and no evidence that Don's attorney had express authority to accept or waive service of original process on Don. More importantly, the HRCP does not apply in this case. The HFCR applies and it does not authorize service of an "initial pleading" on Don's attorney.

## CONCLUSION

Accordingly, we affirm the family court's (a) August 7, 1991 order that granted Plaintiff Don Paul's July 24, 1991 motion to strike Defendant Leslie Mary Paul's motion to set, and (b)

September 18, 1991 order that denied Defendant Leslie Mary Paul's August 27, 1991 motion for reconsideration.

*Ronald P. Tongg* (Tongg and Tongg, of counsel) on the brief for defendant–appellant.

*Don Paul, pro se* plaintiff–appellee (no briefs filed).