**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000622
16-SEP-2022
08:06 AM
Dkt. 41 SO**

NO. CAAP-17-0000622

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RODEL TOLENTINO CARZANO, Plaintiff-Appellant, v.
ESTELITA DELA CERNA CARZANO, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-6797)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Rodel Tolentino Carzano (**Rodel**) appeals from the Family Court of the First Circuit's July 25, 2017 Order Re: Plaintiff's Request for Uncontested Divorce.[1]

In this case, Rodel filed a "Complaint for Divorce" form, which alleged that the parties "are lawfully married to each other" and requested decisions on custody of their three children, division of assets and debts, and spousal support.  In an "Affidavit of Plaintiff (For Uncontested Divorce)," Rodel

---

[1]  The Honorable Gale L.F. Ching presided.

stated that "parties were not legally married" and that he "had to file the instant case for annulment of our marriage." In a supplemental affidavit, Rodel declared that he "did not marry Defendant, however, [he] subsequently learned that she made it appear on official document that [they] were married in the Philippines when in truth and in fact, [he] never married her[.]"

Following a hearing and further briefing by Rodel, the family court ruled that it "does not have jurisdiction to annul Plaintiff's and Defendant's marriage that allegedly arose in the Philippines and therefore denies Plaintiff's request to have this Court grant an annulment and/or absolute divorce." (Formatting altered.)

On appeal, Rodel challenges the family court's denial of his request for an annulment of his alleged marriage to Defendant-Appellee Estelita Dela Cerna Carzano (**Estelita**) based on lack of jurisdiction. Specifically, he contends that the family court erred by denying his request for annulment based on:

(1) "lack of jurisdiction to rule over annulments when the Court has exclusive and original jurisdiction expressly contained in Hawaii Revised Statutes [(**HRS**)] Section 580-1";

(2) "lack of jurisdiction over [Estelita] who resides in Cebu City, Philippines despite the fact that [Estelita] was properly served with the Complaint and Summons but failed to respond and participate in the proceedings"; and

(3) "the allegation that the fraudulent, or simulated or fictitious marriage certificate was registered in the Philippines because the statute granting the Court original and exclusive jurisdiction does not distinguish whether the fraud was committed in or outside the State of [Hawaiʻi] for the court to assume jurisdiction."

Upon careful review of the record and the brief submitted,[2] and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as discussed below, and vacate and remand.

"The jurisdiction of the family court is reviewed de novo under the right/wrong standard." Hsieh v. Sun, 137 Hawaiʻi 90, 98, 365 P.3d 1019, 1027 (App. 2016) (citing Puckett v. Puckett, 94 Hawaiʻi 471, 477, 16 P.3d 876, 882 (App. 2000)).

---

[2] Estelita did not file an answering brief. As a result, the appellate clerk entered a notice of default of the answering brief on February 21, 2018.

"[I]t is plain that each state by virtue of its command over its domiciliaries and its large interest in the institution of marriage can alter within its own borders the marriage statutes of the spouse domiciled there, even though the other spouse is absent." Williams v. North Carolina, 317 U.S. 287, 298-99 (1942).

In Hawaiʻi, "[e]xclusive original jurisdiction in matters of annulment, divorce, and separation . . . is conferred upon the family court of the circuit in which the applicant has been domiciled or has been physically present for a continuous period of at least three months next preceding the application . . . ." HRS § 580-1(a) (Supp. 2016); Puckett, 94 Hawaiʻi at 482, 16 P.3d at 887. Because "an action for divorce is in the nature of a proceeding *in rem* under certain circumstances a court may render a valid decree of divorce although it never acquired actual jurisdiction of the person of the defendant." Peterson v. Peterson, 24 Haw. 239, 243-244 (Haw. Terr. 1918).

As for service, "[t]he complaint for annulment, divorce, or separation, and the summons shall be served by an authorized process server on defendant personally if the defendant is within the State, unless the defendant enters an appearance in the case," and "if the defendant is without the State, the court may authorize the service to be made by any other responsible person[.]" HRS §§ 580-3(a) and (b) (2006).

4

In sum, the family court has jurisdiction over a complaint for annulment where the applicant has been physically present in Hawaiʻi three months prior to filing the complaint and the statutory requirements for service of process on the defendant have been met.  HRS 580-1(a); Peterson, 24 Haw. at 239; see Rodrigues v. Rodrigues, 7 Haw. App. 102, 108, 747 P.2d 1281, 1286 (1987) (explaining that, under Peterson, "the family court in a divorce case, by service by publication on an absent defendant described in HRS § 580-3(d), can acquire in rem jurisdiction to dissolve the marriage").

Here, Rodel was domiciled in Hawaiʻi since December 25, 2010.  He filed a complaint with the family court on May 19, 2016, thereby commencing an action for divorce/annulment.  See HRS § 580-2 (2006) ("An action for annulment . . . is commenced by filing a complaint with the court . . . . Upon the filing of the complaint, the clerk shall forthwith issue a summons . . . .")  And, Rodel provided proof that Estelita was served with the complaint and summons on June 10, 2016.  Thus, the statutory requirements for conferring jurisdiction upon the family court over the divorce/annulment were met.

Rodel's assertions that there was actually no marriage, he did not consent to a marriage, and Estelita filed a fraudulent document in the Philippines goes to whether Rodel meets his burden of establishing that an annulment should be granted, which is for the family court to decide.  See

5

Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 143 n.16, 254 P.3d 439, 454 n.16 (2011) (explaining that "HRS § 580-1 does not contain a jurisdictional requirement that the parties be lawfully married in order to seek a divorce. Rather, it appears that a valid marriage is more properly considered a *substantive* requirement for a valid divorce").

But, because Estelita was not a domiciliary of Hawai'i "(1) at the time that the cause of action which is the subject of the proceeding arose, or (2) at the time of the commencement of the proceeding, or (3) at the time of service," the family court did not have jurisdiction to render a judgement against Estelita regarding custody, spousal support, or property division. HRS § 580-3.5 (2006); see Rodrigues, 7 Haw. App. at 108 (explaining that "although the family court had in rem jurisdiction to dissolve the Rodrigues' marriage, it did not have in personam jurisdiction over Carol with respect to custody, visitation, and support of their minor daughter, spousal support, or the division and distribution of their property and debts").

Accordingly, we hold that the family court had jurisdiction over the complaint for the purposes of granting or denying the request for an annulment. We, thus, vacate the family court's July 25, 2017 Order Re: Plaintiff's Request for

6

Uncontested Divorce, and remand this case for further

proceedings consistent with this order.

            DATED:  Honolulu, Hawaiʻi, September 16, 2022.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge

Rhoda Yabes Alvarez,
for Plaintiff-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge

                                        /s/ Sonja M.P. McCullen
                                        Associate Judge