**FUMIKO WALKER**, Plaintiff–Appellant, v. **JAMES A. WALKER**, Defendant–Appellee

NO. 15740

(FC–D NO. 90–3447)

MAY 12, 1994

BURNS, C.J., HEEN, AND WATANABE, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Fumiko Walker (Wife) appeals the family court's November 5, 1991 order granting the October 18, 1991 Motion to Dismiss filed by defendant James A. Walker (Husband) and dismissing Wife's September 6,

1990 Complaint for Divorce. We affirm in part and reverse in part.

Chronologically listed, the relevant events occurred as follows:

### FACTS

| | |
|---|---|
| 1971 | Husband joined the United States Air Force. |
| November 4, 1976 | Husband and Wife were married. |
| April 6, 1977 | Daughter Tina was born. |
| October 13, 1979 | Daughter Patricia was born. |
| February 1983 | The Air Force assigned Husband to Hawai'i. Husband, Wife, and daughters moved to Hawai'i. |
| December 12, 1985 | Husband filed his Complaint for Divorce in Hawai'i First Circuit Family Court FC–D No. 85–4480. |
| March 31, 1986 | Husband was reassigned to Texas. Wife, Tina, and Patricia remained in Hawai'i. |
| May 19, 1988 | FC–D No. 85–4480 was dismissed without prejudice for want of prosecution. |
| August 1, 1990 | Husband filed a complaint for divorce in No. 322–151563–90 in the District Court of Tarrant County, Texas, 322nd Judicial District. Wife was served in Hawai'i by mail. |
| September 6, 1990 | Wife filed her Complaint for Divorce in this case, FC–D No. 90–3447; in it Wife sought a divorce, spousal support, custody |

of the daughters, child support, and a portion of the property and debts.

January 31, 1991 — A Final Decree of Divorce was entered in No. 322–151563–90; it named Wife "Managing Conservator" and Husband "Possessory Conservator" of Tina and Patricia; it awarded Husband the right "to possession" of Tina and Patricia at certain specific times; it ordered Husband to pay Wife child support of $500 per month through the Tarrant County Child Support Office commencing February 1, 1991, and continuing until no later than when both children reach the age of 18 years; it ordered Husband to maintain major medical and health insurance coverage for the daughters and to pay one–half of all health care expenses for them that are not paid by insurance; it awarded Husband the right to claim the dependency exemption for Tina; and it awarded Husband the property and debts in his name or possession (including his vested and future military retirement benefits) and Wife the property and debts in her name or possession.

| | |
|---|---|
| June 20, 1991 | In FC–D No. 90–3447, Husband was personally served in Honolulu, Hawai'i. |
| October 1, 1991 | In FC–D No. 90–3447, attorney Richard Hacker was appointed counsel for Husband in compliance with the Soldiers and Sailors Civil Relief Act. |
| October 18, 1991 | Husband filed a Hawai'i Family Court Rules (HFCR) Rule 7 Motion to Dismiss Wife's Complaint for Divorce "For the reason that the parties are not married, . . . ." |
| November 5, 1991 | The family court entered an order granting Husband's October 18, 1991 Motion to Dismiss Wife's Complaint for Divorce. |
| November 13, 1991 | Wife filed a notice of appeal of the family court's November 5, 1991 order dismissing her Complaint for Divorce. |
| March 9, 1992 | The family court filed its Findings of Fact and Conclusions of Law and Order. Conclusion of Law No. 3 states that "Since [Wife] and [Husband] are not married to one another, this Court has no jurisdiction to grant a divorce to [Wife]." The Order states that "This Court has no jurisdiction over the subject |

matter of this Complaint for Divorce."

## POINTS ON APPEAL

Wife contends that the family court reversibly erred in dismissing her complaint because (1) Husband failed to submit his affidavit and a memorandum of Texas law and procedure in violation of Hawai'i Family Court Rules (HFCR) Rule 7; (2) the family court did not decide that the Texas court had jurisdiction over the cause of action and the parties and was not authorized to give the Texas divorce decree full faith and credit until it did so; and (3) the family court did not consider the other economic claims made by Wife in her complaint.

## DISCUSSION

### 1.

HFCR Rule 7(b) states in relevant part as follows:

**(b) Motions and Affidavits.**

(1) An application to the court for an order . . . if involving a question of law shall be accompanied by a memorandum in support of the motion. . . .

(2) If a motion requires the consideration of facts not appearing of record, it shall be supported by affidavit, signed by the person having knowledge of the facts and competent to testify. . . .

Since all relevant facts are on the record and no relevant facts are disputed, HFCR Rule 7(b)(2) did not require an affidavit.

HFCR Rule 7(b)(1) required Husband's October 18, 1991 Motion to Dismiss to be accompanied by a memorandum of law. However, Husband's violation of HFCR Rule

7(b)(1) does not mandate a dismissal of his motion. The family court's implicit waiver of the violation was within its allowable discretion.

2.

In a March 6, 1991 letter to Husband's counsel, Wife's counsel stated in relevant part as follows:

> There is no doubt that Texas had jurisdiction to terminate the marriage and the divorce is entitled to full faith and credit. However, the Court has no personal jurisdiction of [Wife]. . . . Therefore, the orders in the decree which requires [sic] personal jurisdiction is [sic] not entitled to full faith and credit.

We agree with this statement of law by Wife's counsel. *See Rodrigues v. Rodrigues*, 7 Haw. App. 102, 108, 747 P.2d 1281, 1286 (1987); 24 AM. JUR. 2d *Divorce and Separation* § 242 (1983); 20 AM. JUR. 2d *Courts* § 118 (1965).

The four discrete parts of a divorce case are (1) the divorce, (2) spousal support, (3) child custody, visitation, and support, and (4) the division of property (assets and liabilities). *Black v. Black*, 6 Haw. App. 493, 728 P.2d 1303 (1986). Wife's September 6, 1990 Complaint for Divorce asked the family court to adjudicate parts (1), (2), (3), and (4).

The Texas court had in personam jurisdiction over Husband and in rem jurisdiction over part (1). Therefore, the Texas decree finally adjudicated part (1) and there was no part (1) for Hawai‘i to adjudicate.

The Texas court did not have in rem jurisdiction with respect to part (4), *see Rodrigues v. Rodrigues, supra,* or in personam jurisdiction over Wife. Thus, it did not have any jurisdiction with respect to Wife's interest in parts (2),

(3), and (4). *See* 24 AM. JUR. 2d *Divorce and Separation* § 550 (1983). Therefore, with respect to Wife's interest in parts (2), (3), and (4), the Texas court's decree is void.

Hawai'i's Family Court of the First Circuit has in personam jurisdiction over Husband and Wife and their interests in parts (2), (3), and (4). The fact that the Texas decree finally adjudicated part (1) does not preclude or inhibit Hawai'i's jurisdiction to subsequently adjudicate parts (2), (3), and (4) when it has in personam jurisdiction over Husband and Wife. It follows that the family court was right when it dismissed Wife's Complaint for Divorce with respect to part (1), but it was wrong when it dismissed Wife's Complaint for Divorce with respect to parts (2), (3), and (4).

## CONCLUSION

Accordingly, we affirm that part of the family court's November 5, 1991 order that dismissed plaintiff Fumiko Walker's September 6, 1990 Complaint for Divorce with respect to part (1) (the divorce), but reverse that part that dismissed it with respect to parts (2) (spousal support), (3) (child custody, visitation, and support), and (4) (spousal support). We remand for further proceedings consistent with this opinion.

*Fred Y. Abe* (McCorrison Miho & Miller, of counsel) on the brief for plaintiff–appellant.

*James A. Walker*, defendant–appellee, *pro se.*