122 P.3d 284

Benjamin Elliot RICHTER,
Plaintiff–Appellant,

v.

Paz Feng Abastillas RICHTER,
Defendant–Appellee.

No. 26241.

Intermediate Court of Appeals of Hawai'i.

Oct. 5, 2005.

Francis T. O'Brien, on the briefs, for Plaintiff–Appellant.

Roger Y. Dewa, Honolulu, on the briefs, for Defendant–Appellee.

BURNS, C.J., LIM AND FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

In this appeal, Plaintiff–Appellant Benjamin Elliot Richter (Plaintiff) challenges the October 29, 2003 Order Granting in Part Defendant's Motion to Compel Plaintiff to Complete Performance of the Divorce Decree Filed October 9, 2003. In her response, Defendant–Appellee Paz Feng Abastillas Richter (Defendant) argues that the challenged order should be affirmed. We agree and affirm.

BACKGROUND

After a contested hearing on October 16, 2001, Judge Darryl Y.C. Choy announced his decision on the record and ordered Plaintiff's attorney to prepare and submit the written divorce decree. The Divorce Decree was entered on February 25, 2002 and states, in relevant part, as follows:

I. *Securities Accounts.* Defendant is awarded as her separate property one-half of the aggregate value of the stocks and mutual funds held in Plaintiff's name, in Defendant's name, or jointly in Plaintiff's and Defendant's names. The following accounts shall be included in this division of property:

(i) Brokerage account held in Plaintiff's name at Fidelity Investments[.]

(ii) Brokerage account held jointly in Plaintiff's and Defendant's names at Fidelity Investments.

(iii) Individual retirement account held in Plaintiff's name at Fidelity Investments.

(iv) Individual retirement account held in Defendant's name at Fidelity Investments.

(v) Brokerage account held in Plaintiff's name at Salomon Smith Barney.

(vi) Individual retirement account held in Plaintiff's name at Salomon Smith Barney.

For the purposes of division, said accounts shall be valued as of October 16, 2001, after deducting all call options and margin calls. Plaintiff shall transfer to Defendant stocks and funds equal to one-half of the value of the total securities as of the date of valuation. Plaintiff shall have the right to pay off all call options and margin calls before transferring said stocks. Plaintiff shall have the right to choose which stocks shall be transferred to Defendant as long as the value of the stocks transferred equals the amount due to Defendant as of the date of valuation. Plaintiff shall also have the right to deduct from Defendant's share of the stocks, the amount of the equalization payment due to Plaintiff as provided in under paragraph 6.J below and the $10,000 that previously had been advanced to Defendant for costs and fees herein as provided in paragraph 10, below. Defendant shall establish a brokerage account, if she does not already have one, and shall provide Plaintiff with account information necessary to effect the transfer of securities.

J. *Equalization Payment.* Defendant shall pay to Plaintiff as an equalization payment under this Decree, the sum of $150,000. In effecting property division, this sum shall be credited to Plaintiff at the time of the division of the securities under paragraph 6.I above, and Plaintiff shall be entitled to deduct $150,000 worth of stock from the shares that are to be transferred to Defendant pursuant to said paragraph.

. . . .

13. *ENFORCEMENT.* . . . The Family Court shall have continuing jurisdiction over the parties and their property to en-force and implement the provisions of this Decree.

As of October 16, 2001, the aforementioned date of valuation, the securities accounts were valued as follows:

(i) Brokerage account held in Plaintiff's name at Fidelity Investments: $523,168.10

(ii) Brokerage account held jointly in Plaintiff's and Defendant's names at Fidelity Investments: $35,945.43

(iii) Individual retirement account held in Plaintiff's name at Fidelity Investments: $73,507.42

(iv) Individual retirement account held in Defendant's name at Fidelity Investments: $5,216.42

(v) Brokerage account held in Plaintiff's name at Salomon Smith Barney: $198,946.92

(vi) Individual retirement account held in Plaintiff's name at Salomon Smith Barney: $25,696.77

The "aggregate value" of the securities accounts, based on the above figures, was $862,481.06. One-half of that value is $431,240.53. Plaintiff was to be credited $160,000.00 ($150,000.00 as the "Equalization Payment" and $10,000.00 for funds previously advanced to Defendant). The "amount due to Defendant as of the date of valuation" is therefore $271,240.53 ($431,240.53 minus $160,000.00).

It appears that Plaintiff waited for the passage of the time allowed to appeal from the Divorce Decree before making the transfer of the stocks and funds. On April 16, 2002, Plaintiff transferred the following securities to Defendant:

| Security | 10/16/01 value | 4/16/02 value |
|---|---|---|
| Bell South | 19,500.00 | 17,020.00 |
| Anh Busch | 12,120.00 | 15,528.00 |
| 5th 3rd Banc | 27,460.00 | 34,315.00 |
| Genl Elec | 19,235.00 | 16,550.00 |
| Phil Morris | 10,138.00 | 10,672.00 |
| Merck | 20,793.00 | 16,506.00 |
| SBC Comm. | 147,526.00 | 117,538.00 |
| Exxon Mob | 8,350.00 | 8,496.00 |
| IRA | 5,216.42 | 5,272.59 |
| TOTAL | 270,338.42 | 241,897.59 |

On October 9, 2003, Defendant filed a motion seeking an order requiring Plaintiff to

pay to Defendant the $29,342.94 shortfall ($271,240.53 minus $241,897.59), plus "the dividends paid on the designated securities, which Plaintiff received before the transfer date."

On October 21, 2003, Plaintiff filed a motion to dismiss Defendant's October 9, 2003 motion. Noting that more than one year had elapsed between the entry of the Divorce Decree on February 25, 2002 and Defendant's October 9, 2003 motion, Plaintiff argued that Hawaii Revised Statutes (HRS) § 580–56(d) (1993) barred the family court from awarding Defendant "any share of [Plaintiff's] personal estate."

HRS § 580–56 (1993) states, in relevant part, as follows:

**Property rights following dissolution of marriage.** (a) Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action.

(b) Following the entry of a decree of divorce in any matrimonial action in which the final division of the property of the parties to such action is reserved for further hearings, decisions, and orders, notwithstanding the provisions of section 560:2–802, or any other provisions of the law to the contrary, each party to such action shall continue to have all of the rights to and interests in the property of the other party to such action as provided by chapter 533 and chapter 560, or as otherwise provided by law to the same extent he or she would have had such rights or interests if the decree of divorce had not been entered, until the entry of a decree or order finally dividing the property of the parties to such matrimonial action, or as provided in subsection (d) of this section.

. . . .

(d) Following the entry of a decree of divorce, or the entry of a decree or order finally dividing the property of the parties to a matrimonial action if the same is reserved in the decree of divorce, or the elapse of one year after entry of a decree or order reserving the final division of property of the party, a divorced spouse shall not be entitled to dower or curtesy in the former spouse's real estate, or any part thereof, nor to any share of the former spouse's personal estate.

On October 29, 2003, after hearing Defendant's motion for payment of the $29,342.94 shortfall, and Plaintiff's motion to dismiss, Judge Bode Uale entered the following order: "Plaintiff shall pay Defendant $29,342.94 as moved. Plaintiff does not have to pay any dividends to Defendant. No sanctions ordered." In addition, Plaintiff's motion to dismiss was denied.

On November 25, 2003, Plaintiff filed a notice of appeal. On December 10, 2003, Judge Uale entered Findings of Fact and Conclusions of Law.

### DISCUSSION

#### A.

■ Plaintiff contends that the family court erred in denying his motion to dismiss because the family court lacked jurisdiction over his "personal estate". He argues as follows:

In this case, the Decree [was] entered on February 25, 2002. Defendant's Motion was not filed until October 9, 2003, 19 months after the entry of the decree. It is submitted that based upon this fact, the Family Court no longer has jurisdiction over property belonging to Plaintiff. Since the Court no longer has jurisdiction over this property, the motion should be dismissed.

We disagree. HRS § 580–56(a), (b), and (d) must be read together. In this case, the Divorce Decree did "not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders[.]" Therefore, the Divorce Decree "finally divide[d] the property of the parties to such action[,]" HRS § 580–56(a) is applicable, and HRS § 580–56(b) is not applicable.

The time limit specified in HRS § 580–56(d) pertains to the family court's jurisdiction to resolve the property division issue, *Boulton v. Boulton,* 69 Haw. 1, 730 P.2d 338

(1986), and to decide how the property of the parties will be distributed. *Todd v. Todd,* 9 Haw.App. 214, 832 P.2d 280 (1992). It does not pertain to enforcement of property division orders stated in a divorce decree that "finally divide[d] the property of the parties to such action." Defendant's motion sought enforcement of the part of the Divorce Decree ordering that "Plaintiff shall transfer to Defendant stocks and funds equal to one-half of the value of the total securities as of the date of valuation." In light of HRS § 580–56(a), when the Divorce Decree ordered Plaintiff to transfer a specified value of his stocks and funds to Defendant, that specified value of his stocks and funds was, for purposes of HRS § 580–56(d), no longer a part of his personal estate.

## B.

■ Plaintiff contends that finding of fact (FOF) no. 5 is erroneous. We disagree. FOF no. 5, which is a conclusion· of law, states that "[t]he divorce decree called for Plaintiff to pay Defendant a specific dollar amount (a specific number); the divorce decree did not call for a transfer of securities *in specie.*"

In the opening brief, Plaintiff notes that in the family court, he argued

that the language of the Decree effected a division in kind and that [Plaintiff] had complied with the terms of the Decree. [Plaintiff] contended that the stocks that were transferred to [Defendant] were equal to one-half of the value of the portfolio as of the date of valuation, and that was what was envisioned by the Decree.

We disagree. If Plaintiff's interpretation was correct, he would have been authorized to distribute to Defendant all of the stocks and mutual funds that decreased in value between the date of valuation and the date of payment and to retain stocks and mutual funds that increased in value during that time. His interpretation is wrong.

The "amount due to Defendant as of the date of valuation" is $271,240.53. The date of valuation is October 16, 2001. Clearly, the court knew that the date of payment was going to be on some day after October 16, 2001. The court was also aware of the possibility/probability that the values of the stocks and funds on the date of payment would not be the same as the values on the valuation date. That is why the court ordered as it did. It used the values on the valuation date to determine how much Plaintiff owed Defendant. It used the values on the payment date to determine how much Plaintiff paid Defendant. On the payment date, whenever that date was going to be, the Divorce Decree required Plaintiff to convey to Defendant a total value of $271,240.53. If Plaintiff did not want to be the party enjoying the benefit of the increase of the values, or bearing the burden of the decrease in the values, of the stocks and funds after the valuation date until the payment date, he could have challenged the court's order. He did not do so.

With the actual number inserted, the relevant part of the Divorce Decree is restated as follows:

For the purposes of division, said accounts shall be valued as of October 16, 2001, after deducting all call options and margin calls. Plaintiff shall transfer to Defendant stocks and funds equal to [$271,240.53]. Plaintiff shall have the right to pay off all call options and margin calls before transferring said stocks. Plaintiff shall have the right to choose which stocks shall be transferred to Defendant as long as the value of the stocks transferred equals [$271,240.53].

October 16, 2001 is the valuation date. April 16, 2002 is the payment date. On the payment date, Plaintiff did not transfer to Defendant stocks and funds equal to $271,240.53. He transferred stocks and funds equal to $241,897.59. It follows that Plaintiff owes Defendant an additional $29,342.94.

## CONCLUSION

Accordingly, we affirm the October 29, 2003 Order Granting in Part Defendant's Motion to Compel Plaintiff to Complete Per-

formance of the Divorce Decree Filed October 9, 2003.