**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000096
12-JAN-2016
09:33 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

SHERMAN SHIH-LUNG HSIEH, Plaintiff-Appellant,
v.
I-TING SUN aka KATHERINE SUN, Defendant-Appellee

NO. CAAP-13-0000096

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D. NO. 11-1-2036)

January 12, 2016

NAKAMURA, C.J., LEONARD and GINOZA, JJ.

AMEMDED OPINION OF THE COURT BY GINOZA, J.

Plaintiff-Appellant Sherman Shih-Lung Hsieh (Husband) appeals from an order granting summary judgment (Order) in favor of Defendant-Appellee I-Ting Sun, aka Katherine Sun (Wife), filed on January 17, 2013, in the Family Court of the First Circuit (family court).[1] In the Order, the family court dismissed Husband's Complaint for Divorce (Complaint) based on its determination that Husband and Wife had previously divorced in Taiwan and that the family court lacked subject matter jurisdiction in this case. The Order also awarded reasonable

---

[1] The Honorable Linda S. Martell presided, except as otherwise noted.

attorney's fees to Wife.

On April 16, 2013, the family court entered findings of fact and conclusions of law (FOF/COL) in support of the Order, and further ordered that "[a]ll items of property that were not expressly finally awarded by the [Taiwan] Divorce Agreement were thereby implicitly finally awarded to their legal owner(s)." The FOF/COL also explained that attorney's fees were awarded to Wife because Husband's declaration submitted in opposition to Wife's summary judgment motion was made in bad faith or solely for the purpose of delay, in violation of Hawai'i Family Court Rules (HFCR) Rule 56(g).

On appeal, Husband contends the family court erred in issuing the Order and FOF/COL because: (1) the family court did not properly evaluate whether recognition of the non-judicial Taiwan divorce was appropriate on the basis of comity; (2) there are genuine issues of material fact regarding the domicile of the parties at the time of the Taiwan divorce, such as to preclude summary judgment recognition of the Taiwan divorce based on comity; (3) Husband should not be estopped from challenging the validity of the Taiwan divorce; (4) even if the Taiwan divorce is recognized, the family court has jurisdiction to divide property and debts located in Hawai'i; (5) Hawaii Revised Statutes (HRS) § 580-47 (Supp. 2014) and § 580-56 (2006) do not apply to the Taiwan divorce to preclude the family court from addressing Husband's issues raised in this case; and (6) Husband's declaration did not violate HFCR Rule 56(g) and thus the family court improperly awarded attorney's fees to Wife.

The issues raised by Husband address three fundamental questions in this appeal: (a) did the family court properly grant summary judgment to Wife recognizing under principles of comity a non-judicial divorce agreement between the parties that was signed and registered in Taiwan; (b) does the family court have jurisdiction to divide property and debts located in Hawai'i; and (c) did the family court abuse its discretion in awarding attorney's fees to Wife under HFCR Rule 56(g).

2

For the reasons stated below, we hold that:

(a) The family court did not err in its summary judgment ruling recognizing the non-judicial Taiwan divorce under principles of comity;

(b) Because the Taiwan divorce did not divide any property in Hawai'i, the family court is not precluded from dividing the parties' Hawai'i property *if* the family court has personal jurisdiction over both Husband and Wife, which still needs to be addressed on remand.[2] However, regardless of whether the family court has personal jurisdiction over both parties, the family court cannot decide the other issues raised in Husband's Complaint (*i.e.*, division of debts in Hawai'i, as well as child custody, visitation and support) because those issues have already been resolved in the Taiwan divorce; and

(c) Husband's declaration filed in opposition to Wife's motion for summary judgment did not violate HFCR Rule 56(g) and thus the family court abused its discretion in awarding attorney's fees to Wife.

We therefore affirm in part, vacate in part, and remand for further proceedings.

## I. Background

In 1999, Husband and Wife were married in Taiwan. Based on the evidence submitted by the parties, it is undisputed

---

[2] As explained *infra*, Wife appeared in this case to assert her defenses, including lack of subject matter jurisdiction and lack of personal jurisdiction. The family court granted Wife's motion for summary judgment, which asserted lack of subject matter jurisdiction, and thus the question of personal jurisdiction over Wife has not been argued or addressed. In this regard, the family court granted a motion by Husband authorizing him to personally serve Wife in Taiwan pursuant to HRS § 580-3(b) (2006). An affidavit of service is filed in the record.

We note that Husband also raises the question of *in rem* jurisdiction under Rodrigues v. Rodrigues, 7 Haw. App. 102, 747 P.2d 1281 (1987). However, Rodrigues addresses circumstances where a defendant is served *by publication* and sets out specific standards that must be met to establish *in rem* jurisdiction to divide property and debts in Hawai'i. Here, Wife was not served by publication and the requirements set forth in Rodrigues were not addressed below. Indeed, Husband's Complaint requested relief beyond just the division of property and debts in Hawai'i, and thus he sought to effect personal service on Wife. Given the record in this case, the question of *in rem* jurisdiction under Rodrigues is not properly before us. Our opinion does not preclude Husband from seeking to establish such jurisdiction on remand.

that on January 13, 2010, Husband and Wife signed a document in Taiwan entitled "Divorce Agreement" that provides (translated into English):

> The parties to the Divorce Agreement, [Husband] and [Wife] agree to enter into this agreement with the following terms and conditions with regard to their divorce:
>
> I.     The parties agree to divorce each other due to irreconcilable differences.
>
> II.    Custody and Visits of Children:
>
>     1.     Custody:
>         Both parties agree that, starting from this date, the Wife shall exercise and bear the rights and obligations with regard to their [three] children . . . until they reach 20 years of age.
>
>     2.     Visiting Rights:
>         Without interfering with the normal living schedule of [the children] and the wife and the study of the children, the Husband may visit [the children] at any time provided that the Wife shall be notified 7 days prior . . . .
>
>     3.     Alimony:
>         The Husband agrees to pay to the Wife support and education fees for [the children] in the amount of NTD200,000 every month . . . . The above-mentioned amount shall be wired by the Husband into the Wife's account with Bank SinoPac, Jhongxiao Branch . . . .
>
> III.   The <u>properties in Taiwan</u> owned by the Husband and Wife at the time upon execution of the Agreement (including but not limited to real estate, stocks, funds, cash, jewelry, etc.) shall belong to each other respectively. <u>All existent debts, if any, shall be borne by the Husband and Wife respectively</u>.
>
> IV.   This agreement shall become officially effective from the date on which both parties and the witnesses sign and affix their chops and registration is made with the household registration office by both parties. Afterwards each party shall be free without involvement with each other.

(Emphasis added.) Two witnesses, Huei-Zhi Tsai, Esq. and Li-Chun Chuang, Esq., also signed the agreement. The Divorce Agreement does not expressly address property owned by Husband and/or Wife in Hawai'i.

The evidence is also undisputed that, on the same day that the parties signed the Divorce Agreement, it was registered at the Daan District Household Registration Office, Taipei City, Taiwan. A document entitled "Household Registration Transcript" provides that Wife and Husband were divorced by "mutual agreement" on January 13, 2010.[3]

---

[3]  A Certificate of Divorce evidencing Husband and Wife's divorce on January 13, 2010, was also issued by the Daan District Household Registration Office and dated November 21, 2012.

The parties do not dispute that they own property located in Hawaiʻi. It is Husband's contention that during the marriage, title to three condominiums in Hawaiʻi were transferred from Husband to Wife. Husband also asserts that a car lubrication and servicing business, started with money from his parents, was transferred to a new corporation, Kapiolani Express Auto Center, Inc., in which Wife held all of the shares.

On December 6, 2011, Husband filed the Complaint in the instant case, asserting in pertinent part that the parties had entered into a "divorce registration procedure in Taiwan" in January 2010, but "it is believed that there was no court decree; there also was no judicial division of Hawaii property and debts." The Complaint requests that the family court determine: child custody, visitation, and support; and divide all property and debts located in Hawaiʻi.

On February 23, 2012, Husband filed a Motion for Personal Service Without the State. Husband requested that the court authorize personal service without the state because Wife's last know address was in Taiwan. The family court granted the motion.[4] An Affidavit of Service was filed that indicates Wife was personally served with the Complaint on March 30, 2012.

On April 19, 2012, Wife filed an Answer to Complaint for Divorce, asserting inter alia that: (1) she was appearing for the limited purpose of asserting her defenses to the Complaint; (2) the family court lacked subject matter jurisdiction because the parties were already divorced and the Taiwan Divorce Agreement awarded custody of the children, awarded alimony, and divided the property; and (3) the family court lacked personal jurisdiction over Wife based on insufficiency of process and insufficiency of service of process. Subsequently, on September 12, 2012, Wife filed a motion for summary judgment requesting that the family court recognize the Divorce Agreement registered in Taiwan under the doctrine of comity and hold that the family court lacked subject matter jurisdiction in this case. The motion did not address the issue of personal jurisdiction.

---

[4] The Honorable Bode A. Uale entered this order.

On January 17, 2013, the family court issued the Order, in which the family court ruled, in pertinent part:

> (1) The parties divorced in Taiwan on January 12 [sic], 2010.
>
> (2) The Family Court of the First Circuit, State of Hawaii, does not have subject matter jurisdiction in this case.
>
> (3) The complaint filed by Plaintiff on December 6, 2011 shall be dismissed.
>
> (4) Defendant shall be entitled to an award of reasonable attorney's fees.

Husband timely appealed from the Order and requested that the family court enter findings of fact and conclusions of law. On April 16, 2013, the family court entered the FOF/COL. The Order and the FOF/COL did not address or resolve the issue of personal jurisdiction.

## II. Discussion

### A. Comity

In this case, the family court's ruling on comity was made by way of summary judgment and its decision whether to recognize the Taiwan divorce was based, in part, on considering factual issues that could have precluded recognition of the foreign divorce. Because the family court addressed the comity issue by granting Wife's motion for summary judgment, we review *de novo* whether there were genuine issues of material fact precluding recognition of the Taiwan Divorce Agreement under principles of comity. See generally Roy v. Buckley, 698 A.2d 497, 501 (Me. 1997)("At the summary judgment stage of the proceeding, the court's task is not to decide any disputed factual questions, but to determine whether the record before the court generates a genuine issue of material fact. The application of the doctrine of comity . . . is a question of law that may be resolved by the court on a motion for a summary judgment." (format altered and citation omitted)); Society of Lloyd's v. Baker, 673 A.2d 1336, 1338 (Me. 1996). See also Schenk v. Schenk, 103 Hawai'i 303, 309-10, 81 P.3d 1218, 1224-25 (App. 2003) (regarding the summary judgment standard generally).

If there are no genuine issues of material fact, we review the family court's decision to recognize the foreign

divorce under comity based on the abuse of discretion standard.[5] Cvitanovich-Dubie v. Dubie, 123 Hawaiʻi 266, 272, 275, 231 P.3d 983, 989, 992 (App. 2010), aff'd on other grounds, 125 Hawaiʻi 128, 254 P.3d 439 (2011). "A United States court may, but is not required to, recognize a divorce decree from a foreign country under the doctrine of comity." Id. at 274, 231 P.3d at 991 (citation and internal quotation marks omitted). The family court abuses its discretion if it "disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006).

### 1.  Recognizing a Non-Judicial Foreign Divorce

Husband contends that the family court did not evaluate whether the registration of a non-judicial divorce agreement in a foreign country can be recognized by the family court on the same basis as a foreign judicial decree. However, Husband made this argument before the family court, and the family court concluded that the Taiwan Divorce Agreement was valid and enforceable. Moreover, we agree with the family court that it was not precluded from applying principles of comity to the non-judicial Taiwan Divorce Agreement.

Husband cites no law that requires a foreign court to adjudicate a divorce as a prerequisite to comity. Indeed, Restatement (Third) of Foreign Relations Law of the United States § 484 (1987) recognizes that non-judicial foreign divorces may be recognized by courts in the United States, stating in pertinent part:

> (2) Courts in the United States may, but need not, recognize a divorce, valid and effective under the law of the state where it was granted,
>
>> (a) if that state was, at the time of divorce, the state of domicile or habitual residence of one party to the marriage; or

---

[5]  Comity is "an expression of one state's entirely voluntarily decision to defer to the policy of another." Metcalf v. Voluntary Emps.' Benefit Ass'n of Hawaii, 99 Hawaiʻi 53, 57–58, 52 P.3d 823, 827–28 (2002) (citation and internal quotation mark omitted).

> (b) if the divorce was granted by a court having jurisdiction over both parties, and if at least one party appeared in person and the other party had notice of and opportunity to participate in the proceeding.

(Emphasis added.)  See also 24A Am. Jur. 2d Divorce and Separation § 1075 (2008); William T. Nelson, Nelson on Divorce and Annulment §§ 33.09-.10 (2d ed. 1945); Note, United States Recognition of Foreign, Nonjudicial Divorces, 53 Minn. L. Rev. 612 (1969).  Hawai'i has defined comity "as the principle that courts of one state or jurisdiction will give effect to the laws and judicial decisions of another state or jurisdiction out of deference and mutual respect."  Cvitanovich-Dubie, 123 Hawai'i at 274, 231 P.3d at 991 (citation and internal quotation marks omitted) (emphasis added).

The uncontroverted evidence provided by Wife in support of her motion for summary judgment demonstrates that within Taiwan the registration of the Divorce Agreement constituted a valid and effective divorce.[6]  In fact, at various stages of this case, Husband has acknowledged that a divorce was entered in Taiwan.[7]

Husband also argues that the family court should have evaluated whether recognition of the Taiwan divorce is precluded because any division of the marital property in Hawai'i pursuant to the Taiwan Divorce Agreement would not be in accordance with public policy.  Husband did not make this argument before the family court and it is thus waived.  Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 119 Hawai'i 352, 373, 198 P.3d 615, 636

---

[6]  A Household Registration Transcript from the Daan District of Taipei City, Taiwan, provides that Wife was divorced from Husband on January 13, 2010, by mutual agreement.  The legal effect of the registration is reflected in the Certificate of Divorce issued by the Daan District Household Registration Office which expressly notes that "[t]his certificate is proof of the divorce of [Husband and Wife] on the date given."  Additionally, a Civil Ruling from the Taiwan Taipei District Court, that dismissed Husband's petition to change the child support provided in the Divorce Agreement, noted that "[t]he parties divorced on their own accord on January 13, 2010 . . . ." It is clear that within Taiwan, Wife and Husband are considered divorced.

[7]  For instance, in his opening brief, Husband writes "in the instant case a divorce was rendered in a foreign country rather than a sister U.S. state."  (Underline omitted.)  Additionally, before the family court, Husband admitted that "[e]vidently under Taiwan law you can have an agreement and you can register it."  In his Complaint, Husband identifies Wife as his "former spouse."

(2008). In any event, as we discuss further below, the Taiwan Divorce Agreement did not divide Hawai'i property.

There are no genuine issues of material fact that the Taiwan Divorce Agreement was valid and effective under Taiwan law, and we disagree with Husband's arguments that the family court could not recognize the non-judicial registration of the Taiwan Divorce Agreement under principles of comity.

### 2. Recognition of the Taiwan Divorce

In order for the family court to recognize a foreign divorce on the basis of comity, at least one of the parties must have been properly domiciled or physically present in the rendering jurisdiction. Cvitanovich-Dubie, 123 Hawai'i at 274-75, 231 P.3d at 991-92; see also Restatement (Third) of Foreign Relations Law of the United States § 484(2)(a).

> Regardless of its validity in the nation awarding it, the courts of this country will not generally recognize a judgment of divorce rendered by the courts of a foreign nation as valid to terminate the existence of the marriage unless, by the standards of the jurisdiction in which recognition is sought, at least one of the spouses was a good-faith domiciliary in the foreign nation at the time the decree was rendered.

Cvitanovich-Dubie, 123 Hawai'i at 274, 231 P.3d at 991 (citation and block format omitted).[8] The family court concluded that both Husband and Wife were good-faith domiciliaries of Taiwan at the time the Divorce Agreement was entered and registered.

"[N]early all states require, as a condition of the right to sue for divorce, that at least one of the parties to the divorce action be a resident or domiciliary of the state in which the action is brought for a specified period." Puckett v. Puckett, 94 Hawai'i 471, 482, 16 P.3d 876, 887 (App. 2000)(emphasis added). Hawai'i law specifically requires that either party to the marriage be "domiciled" or "physically

---

[8] In Cvitanovich-Dubie, this court held that the family court abused its discretion in recognizing a foreign divorce decree on the basis of comity because neither party had been domiciled in the foreign jurisdiction at the time the foreign divorce decree was issued. 123 Hawai'i at 275, 231 P.3d at 992. Upon granting a writ of certiorari, the Hawai'i Supreme Court ruled that this court erred on grounds other than the issue of comity, yet affirmed this court's judgment. Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 141, 149-50, 254 P.3d 439, 452, 460-61 (2011). The supreme court expressly noted that it would not discuss the issue of comity because no party had challenged this court's conclusion regarding comity. Id. at 134 n.7, 254 P.3d at 445 n.7.

present" in the State of Hawai'i for at least six months preceding the divorce in order for the family court to grant a divorce. HRS § 580-1(a) (2006); Puckett, 94 Hawai'i at 482, 16 P.3d at 887. "Domicile" requires both physical presence in a particular location and an intent to remain indefinitely. Puckett, 94 Hawai'i at 483, 16 P.3d at 888. In terms of the elements for domicile:

> The Hawai'i Supreme Court has stated that to acquire a new domicile there must be residence or bodily presence in the new location and an intent to remain. Act and intent must concur and there must be an intention to abandon the old domicile. Additionally, the domicile of origin or a domicile once established is presumed to continue and one alleging that a change has taken place has the burden of proof.

Id. at 483-84, 16 P.3d at 888-89 (citations, internal quotation marks, and brackets omitted). To acquire a domicile, no definite period of time of physical presence is necessary, provided the intent element is met. Id. at 481-82, 16 P.3d at 886-87.

Husband contends the family court improperly recognized the Taiwan Divorce Agreement because there are genuine issues of material fact regarding the domicile of both parties at the time the Divorce Agreement was registered. As noted above, only one party needed to have been domiciled in Taiwan during the relevant period in order to permit recognition of the divorce under comity. Cvitanovich-Dubie, 123 Hawai'i at 274-75, 231 P.3d at 991-92. Given the evidence in this case, and the applicable Hawai'i standard, we focus on whether Wife was domiciled in Taiwan for the six month period before the Divorce Agreement was registered on January 13, 2010.[9]

In terms of her presence in Taiwan, Wife submitted an affidavit in support of her summary judgment motion in which she attests that she, Husband, and the couple's three children *resided* in Taiwan at the time of divorce. The Divorce Agreement and the Household Registration Transcript submitted in support of the motion provide a Taiwan address for Wife. Additionally, a

---

[9] There is no specific evidence that Wife was physically present in Taiwan for a *continuous* period of six months before the Divorce Agreement was entered. Thus, the pertinent question is in regard to her domicile during the relevant time period.

10

Matrimonial Action Information form signed by Husband under penalty of perjury and filed in this case in December 2011 states that the children have lived with Wife in Taiwan since 2006.

Regarding Wife's intent to remain in Taiwan, Wife's affidavit also states that at the time of the divorce, she, Husband, and their children were *domiciled* in Taiwan. The Divorce Agreement also provided that Husband was to wire monthly alimony to Wife's account at a bank in Taiwan. Further, Husband's Matrimonial Action Information form filed in December 2011 is again relevant in that it states the couple's children have lived with Wife in Taiwan since 2006, thus covering a period of approximately four years prior to the Divorce Agreement and almost two years thereafter.

Husband filed an opposition to Wife's motion for summary judgment, including his declaration. In his declaration, Husband attests to the following facts:

> 14. [Wife] at least temporarily resides in Taipei, Taiwan, and comes back and forth to Hawaii.
>
> . . . .
>
> 25. [Wife] came to Hawaii for school at the University of Hawaii in 1995, and in 1997 she is believed to have become U.S. Permanent Resident, thereby indicating that she intended the U.S. to be her domicile.
>
> . . . .
>
> 27. At the end of 1997 I met [Wife] for the first time; on Dec. 15, 1999 we were married, initially residing in Hawaii at Royal Iolani #2805 and later at Waterfront Tower, Apt. 3402.
>
> 28. In 2005 [Wife] went back to Taiwan and entered the Taiwan real estate market, leaving me to run the Hawaii car lube business here and to rent out and to pay the condo mortgage loans.
>
> 29. [Wife] financed her Taiwan purchases by relying on the earnings and stability of the Hawaii car lube business and/or the Hawaii condominiums to support the Taiwan loan applications.
>
> 30. The Hawaii enterprises paid most of the monthly encumbrances on the refinanced Hawaii condominiums.
>
> 31. In 2009 [Wife] in Taiwan informed me that she wished to divorce, but I was unwilling to a break-up of the family; however, throughout 2009 she persisted.
>
> 32. After the Sept. 2009 rejection, upon [Wife's] persisting in demands for a divorce, I made an offer that she return the Hawaii property on which the business was located, 1111 Kapiolani, to myself and my family. [Wife] made an oral agreement to do so if I would accede to a divorce, but this was never effectuated.
>
> 33. Shortly thereafter on a later trip of mine to Taiwan, in Jan. 2010 [Wife] asked me to go down to her lawyer's office to negotiate divorce papers, at which time she presented me with a second document drafted by her attorney, the [Divorce Agreement].

Husband's own declaration provides that Wife returned to Taiwan

in 2005, and that it was upon his trip to Taiwan in 2010 that the parties divorced. Husband argues that it is his "belief" that Wife is a U.S. permanent resident which indicates her intent to make the United States her domicile. However, an unsupported claim of permanent resident status does not in itself create an issue of fact or establish that Wife did not have an intent to remain in Taiwan.

Additionally, Husband argues that Wife's ownership of properties in Hawai'i and involvement in the Honolulu car lubrication and servicing business demonstrates Wife's intent to maintain Hawai'i as her domicile. However, Husband's declaration provides that upon Wife's return to Taiwan in 2005, Husband was left to run the business. Husband has not raised a genuine issue of material fact regarding Wife's domicile in Taiwan for the six months prior to registration of the Divorce Agreement.

Given that the evidence adduced did not present a genuine issue of material fact, the family court was not precluded from granting summary judgment based on comity. It was within the family court's discretion whether to recognize the registration of the Taiwan Divorce Agreement under principles of comity, and we conclude that the family court did not abuse its discretion.[10]

## B. The Family Court's Jurisdiction to Divide Hawai'i Property and Debts

Husband contends that, even if the family court did not err in recognizing the Taiwan Divorce Agreement on the basis of comity, the family court has jurisdiction to divide property and debts located within Hawai'i.[11] In the instant case, after referencing HRS § 580-47 and § 580-56, the family court concluded that "[b]ecause the Divorce Agreement did not reserve

---

[10] Because we conclude the family court did not err in recognizing the registration of the Taiwan Divorce Agreement, we need not reach the issue of whether Husband was estopped from challenging the validity of the Taiwan Divorce Agreement.

[11] We note that Husband does not address any custody, visitation or child support issues in his briefs on appeal. In any event, the Taiwan Divorce Agreement resolves these issues and, based on the discussion below, the family court is precluded from addressing these issues.

jurisdiction to a court of competent jurisdiction for further property division, the Hawaii Family Court does not have subject matter jurisdiction to divide the parties' property." The jurisdiction of the family court is reviewed *de novo* under the right/wrong standard. Puckett, 94 Hawaiʻi at 477, 16 P.3d at 882.

Husband contends that the requirement in HRS § 580-47 and § 580-56 to reserve jurisdiction to the family court to divide property does not apply to foreign divorces. Husband relies on Walker v. Walker, 10 Haw. App. 361, 873 P.2d 114 (1994), for the proposition that even if there is a foreign divorce, the family court may exercise jurisdiction to divide property located within Hawaiʻi.

In Walker, husband and wife filed competing complaints for divorce in Texas and Hawaiʻi, respectively. Id. at 362-63, 873 P.2d at 115. The Texas court entered a decree of divorce first, which *inter alia* awarded husband and wife the property and debts in their name or possession. Id. at 353, 873 P.2d at 115. The Hawaiʻi family court subsequently dismissed the wife's complaint for divorce on the basis that the parties were no longer married and that the court did not have subject matter jurisdiction. Id. at 364-65, 873 P.2d at 115.

On appeal, this court in Walker noted that "[t]he four discrete parts of a divorce case are (1) the divorce, (2) spousal support, (3) child custody, visitation, and support, and (4) the division of property (assets and liabilities)." Id. at 366, 873 P.2d at 116. This court held that "[t]he Texas court had in personam jurisdiction over Husband and in rem jurisdiction over part (1). Therefore, the Texas decree finally adjudicated part (1) and there was no part (1) for Hawaiʻi to adjudicate." Id.

This court further held, however, that because Texas did not have personal jurisdiction over the wife or *in rem* jurisdiction over property division, the Texas decree regarding parts (2), (3), and (4) of the divorce was void. Id. at 366, 873 P.2d at 117; see also 24A Am. Jur. 2d Divorce and Separation § 1099 (2008) ("[W]hile a court may gain jurisdiction to grant a

divorce . . . , the court must gain in personam jurisdiction over the defendant . . . in order to adjudicate separable personal rights and duties." (Footnote omitted)). This court further explained that:

> Hawaiʻi's Family Court of the First Circuit has <u>in personam jurisdiction</u> over Husband and Wife and their interests in parts (2), (3), and (4). The fact that the Texas decree finally adjudicated part (1) does not preclude or inhibit Hawaiʻi's jurisdiction to subsequently adjudicate parts (2), (3), and (4) <u>when it has in personam jurisdiction over Husband and Wife</u>. It follows that the family court was right when it dismissed Wife's Complaint for Divorce with respect to part (1), but it was wrong when it dismissed Wife's Complaint for Divorce with respect to parts (2), (3), and (4).

10 Haw. App. at 366, 873 P.2d at 117 (emphasis added).

Based on <u>Walker</u>, there is no bar to the family court adjudicating the parties' rights in this case as to Hawaiʻi property or debts, even though the parties were previously divorced in Taiwan, <u>if</u> the previous divorce did not determine those property rights or debts <u>and</u> the Hawaiʻi court has *in personam* jurisdiction over both parties.

Wife contends that <u>Walker</u> is distinguishable because, unlike the Texas court in <u>Walker</u>, Taiwan in this case had personal jurisdiction over Husband and Wife, Husband fully participated in the Taiwan divorce, and the Taiwan Divorce Agreement divided their property. Specifically, Wife asserts that the Taiwan Divorce Agreement provided that "each party shall be free without involvement with each other[,]" which she contends constitutes final division of their property. We disagree with Wife that this divided property in Hawaiʻi. The Divorce Agreement did not address any property located in Hawaiʻi or contain any provision related to the distribution of property outside of Taiwan. Indeed, the family court's uncontested finding in this regard was that the Divorce Agreement "[d]id not address or affect title to property located in Hawaii." Thus, this case is materially similar to <u>Walker</u> in that the foreign divorce did not have the effect of resolving relevant property division rights.

Wife further contends that Hawaiʻi law requires divorce decrees to expressly reserve jurisdiction to further divide

property, citing HRS § 580-47 and § 580-56.  HRS § 580-47(a) provides in pertinent part:

> §580-47 Support orders; division of property.  (a) Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate[.]

(Emphasis added.)  HRS § 580-56 provides in pertinent part:[12]

> §580-56 Property rights following dissolution of marriage.  (a) Every decree of divorce which does not specifically recite that the final division of the property of the parties is reserved for further hearing, decision, and orders shall finally divide the property of the parties to such action.

Wife contends that because the Taiwan Divorce Agreement did not reserve jurisdiction to further divide property, the family court lacks jurisdiction to divide the Hawai'i property and the Divorce Agreement has conclusive effect as to all property.  However, none of the cases cited by Wife in support of this proposition involve foreign divorces.  See Richter v. Richter, 108 Hawai'i 504, 122 P.3d 284 (App. 2005); Bienvenue v. Bienvenue, 102 Hawai'i 59, 72 P.3d 531 (App. 2003); Kremkow v. Kremkow, 7 Haw. App. 286, 758 P.2d 197 (1988); De Mello v. De Mello, 3 Haw. App. 165, 646 P.2d 409 (1982); Jendrusch v. Jendrusch, 1 Haw. App. 605, 623 P.2d 893 (1981).  Further, the Walker court made no mention of a requirement to reserve jurisdiction in ruling that a Hawai'i family court could divide property that had not previously been properly divided in a foreign divorce.

> Indeed, it has been recognized that:
>
> If an out-of-state divorce court had jurisdiction of the parties but did not adjudicate property rights, and under the law of the divorce state the decree is not res judicata of such rights, the courts of another state will not deem them res judicata and may entertain an action to determine property rights.

---

[12]  Wife also cites HRS § 580-56(d).  However, "the legislative history and statutory scheme indicate that HRS § 580-56(d) was meant to apply solely in the context of a spouse's right to dower or curtesy after a divorce."  Riethbrock v. Lange, 128 Hawai'i 1, 14, 282 P.3d 543, 556 (2012).

24A Am. Jur. 2d Divorce and Separation § 1102 (2008); see also Vaughan v. Williamson, 1 Haw. App. 496, 502, 621 P.2d 387, 392 (1980) (holding that, notwithstanding a foreign divorce decree, the Hawai'i family court could exercise jurisdiction to divide property where the foreign decree was silent in that respect, if the Hawai'i court had in personam jurisdiction over both parties); 24 Am. Jur. 2d Divorce and Separation § 563 (2008) ("Where the divorce decree is not res judicata as to the property rights of the parties, such rights may be adjudicated by an independent action brought after the dissolution of the marital status by a divorce."); 24 Am. Jur. 2d Divorce and Separation § 561 (2008) ("[A] divorce decree which does not contain an adjudication of property rights of the parties does not operate as an absolute bar to the maintenance of an independent action involving such rights.").

Recognizing that this case involves a non-judicial Divorce Agreement registered in Taiwan, and not a divorce decree issued by a Taiwan court, we see no reason to treat this case differently. That is, Wife does not assert that under Taiwan law the registration of the Taiwan Divorce Agreement would preclude any further action to address division of the Hawai'i property, which the Divorce Agreement did not resolve.[13] Therefore, if the family court has in personam jurisdiction over both parties, the family court may exercise jurisdiction to divide the property of Husband and Wife located in Hawai'i. However, to the extent that Husband seeks to divide any debts existing in Hawai'i, the Taiwan Divorce Agreement already provides that "[a]ll existing debts, if any, shall be borne by the Husband and Wife respectively." (Emphasis added.) Thus, the family court may not address division of the parties' debts.

The family court in this case concluded that it did not have subject matter jurisdiction and dismissed the case. Based

---

[13] The Civil Ruling issued by the Taiwan Taipei District Court (addressing Husband's request to change child support requirements) notes that: "In the Divorce Agreement by and between both parties, there lacks terms governing the properties in the United States. The future dispute over such part is not unpredictable."

on our discussion above, this conclusion was in error. However, in her answer to Husband's Complaint, Wife also asserted that the family court lacked personal jurisdiction over her and that she was only appearing in the case for the limited purpose of asserting her defenses. The family court has not yet addressed the issue of personal jurisdiction because it was not part of Wife's motion for summary judgment. On remand, the family court must determine if it has *in personam* jurisdiction over both parties such that the family court may divide the Hawai'i property.[14]

### C. Attorney's Fees

Husband asserts that the family court erred in ordering him to pay Wife's reasonable attorney's fees pursuant to HFCR Rule 56(g) for filing a declaration in bad faith or solely for the purpose of delay. Husband argues that his declaration opposing Wife's motion for summary judgment raised genuine issues of material fact and did not violate HFCR Rule 56(g).

A trial court's grant or denial of attorney's fees is reviewed under the abuse of discretion standard. Allstate Ins. Co. v. Pruett, 118 Hawai'i 174, 179, 186 P.3d 609, 614 (2008).

The version of HFCR Rule 56(g) applicable to this case provided that:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt. [15]

---

[14]   As previously noted, given the record in this case, we do not reach the question of *in rem* jurisdiction under Rodrigues, 7 Haw. App. 102, 747 P.2d 1281.

[15]   Effective January 1, 2015, and therefore after the relevant time in this case, HFCR Rule 56(g) was amended to also apply to declarations, as follows:

> (g) **Affidavits or declarations made in bad faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits or declarations presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the

17

HFCR Rule 56(g) is substantially similar to its federal counterpart under the Federal Rules of Civil Procedure (FRCP). Currently, the federal rule is set forth in FRCP Rule 56(h), whereas prior to December 2010, another version of the federal rule was in FRCP Rule 56(g).[16] Because both versions of the federal rule are substantially similar to HFCR Rule 56(g) for purposes of this case, case law interpreting those federal rules provide persuasive authority. <u>See</u> <u>Child Support Enforcement Agency v. Carlin</u>, 96 Hawai'i 373, 379, 31 P.3d 230, 236 (App. 2001).

The Ninth Circuit Court of Appeals has noted that sanctions under FRCP Rule 56(g) were infrequently invoked. <u>Franchise Realty Interstate Corp. v. San Francisco Local Joint</u>

---

> amount of the reasonable expenses which the filing of the affidavits <u>or declarations</u> caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

In this case, the applicable version of HFCR Rule 56(g) referenced only "affidavits." Therefore, it is at least arguable that the rule did not apply to the "declaration" that Husband submitted in opposing Wife's motion for summary judgment. Nonetheless, Husband did not make this argument and we need not address it.

[16] Currently, FRCP Rule 56(h) provides:

> (h) *Affidavit or Declaration Submitted in Bad Faith.* If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Prior to December 1, 2010, the federal rule was set out in FRCP Rule 56(g), which provided:

> (g) *Affidavit Submitted in Bad Faith.* If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

When the rule was amended in 2010, and the pertinent subsection was changed from (g) to (h), three substantive changes were made such that the federal rule now slightly differs from HFCR Rule 56(g). First, sanctions were made discretionary, not mandatory. Second, the text was expanded to recognize the need to provide notice and a reasonable time to respond. Third, the rule empowers the court to impose other appropriate sanctions. <u>See</u> FRCP Rule 56, cmt.

Exec. Bd. of Culinary Workers, 542 F.2d 1076, 1083 (9th Cir. 1976). Moreover, the First Circuit Court of Appeals recognized that in "[t]he rare instances in which [FRCP] Rule 56(g) sanctions have been imposed, the conduct has been particularly egregious." Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins. Co., 866 F.2d 11, 16 (1st Cir. 1989); see also Stern v. Regency Towers, LLC, 886 F. Supp.2d 317, 327 (S.D.N.Y. 2012) (noting that courts have found bad faith under FRCP Rule 56(h) when conduct was egregious, such as when "affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case.").

In this case, the family court identified three purported positions taken by Husband in his declaration as violating HFCR Rule 56(g): (1) the parties were not already divorced; (2) Husband was not domiciled in Taiwan at the time of divorce; and (3) Husband was not represented by an attorney at the time of the divorce. We note that part of the family court's FOF/COL appears to rely on allegations contained in Husband's Complaint; however, HFCR Rule 56(g) sanctions are based on the contents of affidavits (or declarations) submitted under HFCR Rule 56. Therefore, we do not consider the allegations in Husband's Complaint for purposes of reviewing the sanctions imposed against him.

Based on our review of Husband's declaration and the evidence cited by the family court, we conclude it was an abuse of discretion to sanction Husband under HFCR Rule 56(g) because the record does not support the determination that his declaration was made in bad faith or solely for the purpose of delay.

**1. Marital Status**

The family court concluded that Husband failed to provide a plausible explanation for the contradiction between his declaration in this case and his prior declaration filed in a separate civil lawsuit, which stated that he is divorced from Wife.

However, in his declaration in this case, Husband does

not attest that he is still married to Wife. Instead, Husband declares that Wife "instituted a non-judicial divorce registration procedure in Taiwan . . . [,]" that he "signed the [Divorce Agreement] and the registration took place the same day[,]" and that since then, Wife has refused to remarry. It does not appear that Husband's declaration in this case contains a misrepresentation that contradicts his declaration filed in the other lawsuit.

### 2. Husband's Domicile

The family court concluded that Husband's declaration, stating that he was not domiciled in Taiwan, was contrary to the documentary evidence. In his declaration filed in opposition to Wife's summary judgment motion, Husband attested that he became domiciled in Hawaiʻi in 1996, that he and Wife resided in Hawaiʻi after marrying in 1999, that he was left to run the Hawaiʻi business after Wife returned to Taiwan in 2005, and that it was upon his trip to Taiwan in 2010 that the parties divorced.

Husband's declaration does not appear to contradict the evidence cited by the family court. As covered above, there are two elements to domicile: physical presence and intent to remain. Puckett, 94 Hawaiʻi at 483, 16 P.3d at 888. The documentary evidence cited by the family court refers to Husband's physical presence in Taiwan. The Divorce Agreement provides that Husband had a Taiwan address, and the Civil Ruling from the Taiwan Taipei District Court addressing Husband's petition to change his child support obligations provides that Husband owned property in Taipei City. These documents, however, do not establish Husband's intent to remain in Taiwan relevant to his domicile, and thus do not indicate that his declaration was made in bad faith.

### 3. Husband's Representation by Counsel

The family court concluded that Husband's assertion in his declaration that he was not represented by counsel at the time he signed the Divorce Agreement was contrary to the documentary evidence. Husband attested that upon his trip to Taiwan in 2010, he and Wife went to Wife's attorney's office to

20

discuss divorce, that at that time he was not represented by counsel, and he agreed to sign the Divorce Agreement.

The evidence cited by the family court does not contradict Husband's declaration. The Divorce Agreement provides that the two witnesses to the parties' signing were attorneys, but there is no indication as to their roles beyond being witnesses. Moreover, as reflected on the Divorce Agreement, both attorneys appear to have the same address. In turn, the Civil Ruling merely affirms that the Divorce Agreement was executed in the presence of attorneys. This evidence does not establish that Husband was represented by an attorney and thus does not contradict his declaration.

In sum, it does not appear that Husband's declaration in this case contradicts his prior declaration in another case, or that his declaration in this case is contradicted by any clear evidence. The conduct warranting HFCR Rule 56(g) sanctions must be in bad faith or done solely for the purpose of delay. As noted above, cases addressing the federal rules that are similar to HFCR Rule 56(g) require egregious conduct before sanctions are imposed. The circumstances in this case do not meet these standards. We therefore conclude that it was an abuse of discretion to award Wife reasonable attorney's fees under HFCR Rule 56(g).

III. **Conclusion**

For the foregoing reasons, the Family Court of the First Circuit's (1) "Order Granting Defendant I-Ting Sun's Motion for Summary Judgment," filed on January 17, 2013, and (2) findings, conclusions, and order contained in "Defendant I-Ting Sun's Proposed Findings of Fact and Conclusions of Law; Order Re: Motion for Summary Judgment," filed on April 16, 2013, are:

(a) affirmed to the extent that the family court recognized the Taiwan Divorce Agreement on the basis of comity;

(b) vacated to the extent that the family court determined that it did not have jurisdiction to divide the parties' Hawai'i property, on the grounds stated by the family court; and

21

(c) vacated to the extent Husband was ordered to pay Wife's reasonable attorney's fees (or expenses)[17] for violating HFCR Rule 56(g).

The case is remanded to the family court for further proceedings consistent with this opinion.

On the briefs:

Robert Ling Sung Nip,
for Plaintiff-Appellant.

Stephanie A. Rezents,
Thomas E. Crowley,
for Defendant-Appellee.

---

[17] To the extent that the family court's FOF/COL may be read to award expenses to Wife based on HFCR Rule 56(g), such award is vacated.