**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000531
24-JUN-2022
08:34 AM
Dkt. 53 SO**

NO. CAAP-17-0000531

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RUSSELL DEAN ATWOOD, Plaintiff-Appellant, v.
BAY THI ATWOOD, now known as BAY THI PREST,
Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 129086)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant Russell Dean Atwood (**Atwood**) appeals from the Family Court of the First Circuit's (**family court**)[1] June 9, 2017 Court Order Acceptable for Processing Under the Federal Retirement System ("FERS") (**6/9/17 COAP**), assigning to his former wife, Defendant-Appellee Bay Thi Atwood, now known as Bay Thi Prest (**Prest**), fifty percent of the marital portion of his self-only, unreduced monthly annuity under the Federal Employees' Retirement System (**FERS**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Atwood's arguments below, and affirm.

---

[1]  The Honorable Gale L.F. Ching presided.

(1) We first address Atwood's second point of error contesting jurisdiction. Atwood argues that the family court "erred when it determined it had jurisdiction to divide [his] military pension, where [he] did not consent to the division, because [he] resided and was domiciled in Texas since December 15, 1997."

Here, the parties were married on October 15, 1972. Findings of Fact (**FOF**) 1. Atwood served in the U.S. military from February 1971 until May 15, 1982, and was barred from re-enlistment because he was overweight. FOF 2-3. During his military service, Atwood was married to Prest for nine years and six months. FOF 4. The parties were divorced pursuant to a divorce decree (**Decree**) filed on February 13, 1984. FOF 5. The Decree specifically provided:

> The court finds that [Atwood] has submitted to the jurisdiction of this court. The court reserves jurisdiction over the matter of [Prest's] entitlement and award of a portion of any future retirement pay that may be awarded to [Atwood] for that portion of his military service to [Prest] [sic] during which he was married to [Prest] and to her entitlement and award of a portion of any other retirement pay or annuity based in part of such period of active military service during which [Atwood] was married to [Prest].

FOF 6 and 8 (emphasis added). Atwood's originally filed financial affidavits list his military service as an asset. FOF 9.

After being discharged, Atwood joined the Federal Civil Service and became a Federal employee until his retirement in 2014. FOF 10. Atwood was vested in a FERS pension that was derived in part from Atwood's past military service earned during the time of his marriage to Prest. FOF 11. Atwood has been receiving FERS pay and income since about October 2014. FOF 12.

2

Based on the family court's unchallenged findings, Atwood was vested under FERS and, in the Decree, the family court expressly reserved its jurisdiction to address Prest's entitlement to a portion of any future retirement pay or annuity awarded to Atwood for his military service during the period he was married to Prest. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002) ("[U]nchallenged factual findings are deemed to be binding on appeal[.]")

Thus, the family court retained jurisdiction to divide the marital property. See Riethbrock v. Lange, 128 Hawaiʻi 1, 16-17, 282 P.3d 543, 558-59 (2012); Hawaii Revised Statutes (**HRS**) § 580-56(a) (2018) and § 580-47(a) (2018).

(2) Atwood's first, fourth, and seventh[2] points of error relate to the division of property. Atwood argues that the family court did not "finally divid[e] and distribut[e] the parties' property as required by HRS § 580-47(a)" before it entered the 6/9/17 COAP. Atwood thus argues that the family court's Conclusions of Law (**COL**) 31, 32, and 37[3] are wrong because "no lower court order permanently distributed the

---

[2] Atwood misnumbers his points of error by repeating number five.

[3] COL 31, 32, and 37 are as follows:

> 31. That Defendant's Motion was timely, proper, and was supported by both precedent and statutory authority.

> 32. That the COAP prepared accurately reflected the Court's Order, the state of the law as it applies to the division [of] a Federal Pension, and information regarding Plaintiffs Pension that is currently vested.

> . . . .

> 37. That the Court's Order and the COAP filed shall not be disturbed

Plaintiff-Appellant's pension, which is a predicate to enter a lawful COAP."

HRS § 580-47(a) provides in relevant part:

> Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate. . . .

Under HRS § 580-47, "the family court has wide discretion to divide marital partnership property according to what is 'just and equitable' based on the facts and circumstances of each case." Gordon v. Gordon, 135 Hawaiʻi 340, 348-49, 350 P.3d 1008, 1016-17 (2015) (citation omitted).

HRS § 580-47 does not require that, upon granting a divorce or thereafter, a family court must enter a "predicate" court order "finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate[,]" prior to entering a court order such as the 6/9/17 COAP at issue here. See State v. Ramela, 77 Hawaiʻi 394, 395, 885 P.2d 1135, 1136 (1994) (explaining that "where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning") (citation and internal quotation marks omitted).

Further, concerning the requirements of a qualifying court order under FERS, 5 C.F.R. part 838 does not require that a separate judgment must immediately precede a COAP to be valid. See Hein v. Hein, 972 N.W.2d 337, 343 (Mich. Ct. App. 2021) (explaining that 5 C.F.R. part 838 "generally controls how the relevant federal administrative agencies handle state

4

domestic-relations orders affecting federal pensions"). A "court order" means "any judgment or property settlement issued by or approved by any court of any State . . . in connection with, or incident to, the divorce . . . of a Federal employee or retiree[,]" and a "court order acceptable for processing" means "a court order . . . that meets the requirements of subpart C of this part to affect an employee annuity[.]" 5 C.F.R. § 838.103.

Subpart C "regulates the requirements that a court order directed at employee annuity must meet to be a court order acceptable for processing." 5 C.F.R. § 838.301. A "court order directed at employee annuity is not a court order acceptable for processing unless it expressly divides the employee annuity" and directs "[the Office of Personnel Management (**OPM**)] to pay the former spouse directly." 5 C.F.R. § 838.303(a)-(b), 838.304(a)-(b). Additionally, the COAP must provide "sufficient instructions and information that OPM can compute the amount of the former spouse's monthly benefit using only the express language of the court order," and state the "type of annuity (i.e., phased retirement annuity, composite retirement annuity, net annuity, gross annuity, or self-only annuity) on which to apply the [former spouse's share of employee annuity as a] formula, percentage, or fraction." 5 C.F.R. § 838.305, 838.306(a).

Although Atwood argues that "[u]nder 5 CFR 838.103 the federal regulations distinguish between a court order[] . . . and a 'COAP'[,]" they are not two separate orders a state court must enter to divide Atwood's pension. Rather, 5 C.F.R. § 838.103 provides that, to qualify as a valid court order acceptable for

processing, a court order must provide sufficient instructions and information, expressly divide the employee or retiree's annuity, and direct OPM to pay the former spouse directly. 5 C.F.R. §§ 838.103, 303(a)-(b), 304(a)-(b), 305, and 306(a).

Here, the 6/9/17 COAP expressly divided Atwood's annuity under FERS. It provided sufficient instructions and information for OPM to compute the amount of Prest's monthly benefit, stated the type of annuity on which to apply Prest's share of Atwood's annuity as a percentage (with formula), and directed OPM to pay Prest directly. Therefore, the family court did not err in issuing the 6/9/17 COAP without first entering a separate, independent judgment.

(3) In Atwood's third and sixth points of error, he argues that pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 58(b), his due process rights were violated because he did not receive "notice" of Prest's proposed COAP and was "entitled to file objections to the proposed order before it was entered [on] June 9, 2017" by the family court. Therefore, Atwood contends he was denied "an opportunity to be heard on a matter that involved the taking of his property without [d]ue [p]rocess," and the family court erred at COL 36 because the "court never ordered Defendant-Appellant's counsel to not comply with Rule 58 of the [HFCR] [.]"

"At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest." Doe v. Doe, 120 Hawaiʻi 149, 168, 202 P.3d 610, 629 (App. 2009) (citation omitted). However, "the

requirements of due process frequently vary with the type of proceeding involved."  Calasa v. Greenwell, 2 Haw. App. 395, 399, 633 P.2d 553, 556 (1981) (cleaned up).  The Hawaiʻi Supreme Court has explained that "due process is flexible and calls for such procedural protections as the particular situation demands."  State v. Guidry, 105 Hawaiʻi 222, 234, 96 P.3d 242, 254 (2004) (cleaned up).

> HFCR Rule 58(b) provides, in relevant part:
>
> If any party objects to the form of a proposed judgment, decree or order, that party shall within 5 days after service of the proposed judgment, decree or order, file and serve upon each party who has appeared in the action and deliver to the court:
>
> (1) a statement of objections and the reasons therefor; and
>
> (2) the form of the objecting party's proposed judgment, decree or order.
>
> In such event, the court may schedule a Rule 58 conference or shall proceed to settle the judgment, decree or order.  Either party may request a Rule 58 conference. Failure to file and serve objections and a proposed judgment, decree, or order within the time frame required shall constitute approval as to form of the drafting party's proposed judgment, decree or order.

HFCR Rule 58(b).

In the instant case, the family court concluded that Prest's "submission of the COAP was acting in compliance with the Court's order."  COL 36.  Atwood has not provided the necessary transcript for this court to review his argument that the family court improperly entered the 6/9/17 COAP without first allowing him to review the COAP pursuant to HFCR Rule 58(b).  Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 10(b)(1)(A) (placing the burden of providing transcript on the appellant); HRAP Rule 11(a) (providing that "[i]t is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted"); State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502

(2000) (explaining that appellate courts "will not presume error from a silent record").

We nonetheless address Atwood's points of error to the extent possible. Based on unchallenged findings, the proposed COAP "was transmitted to Counsel for Plaintiff on March 20, 2017. Counsel for Plaintiff did never [sic] respond to this transmission of the proposed Order." FOF 20. The proposed COAP "was then forwarded to the Court for review, approval, execution and filing." FOF 21. The family court received Prest's proposed COAP on April 3, 2017, and it was entered on June 9, 2017. As such, Atwood "had ample opportunity to review, comment, and perhaps reject [Prest's] draft of the COAP eventually filed with [the] court, and did not." COL 35.

Given these circumstances, Atwood's due process rights were not violated. Doe, 120 Hawaiʻi at 168, 202 P.3d at 629; Guidry, 105 Hawaiʻi at 234, 96 P.3d at 254. And based on the record provided, Atwood has not shown how the family court's mixed FOFs and COLs in its September 5, 2017 Findings of Fact and Conclusions of Law were clearly erroneous. See Estate of Klink ex. rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

(4) With respect to Atwood's fifth point of error, he contends the family court erred because the COAP divided his pension as of the date of his retirement, instead of the date of the divorce. He does not indicate where he raised this issue with the family court,[4] and further, he asserts in his reply

_____

[4] Although Atwood's opening brief provides a citation to the record for his fifth point of error, the citation is simply to the Decree. There is no indication that he raised this issue in the family court.

8

brief that he did not order transcripts because "there was nothing in the oral proceedings[] where the lower court divided [his] pension." The answering brief points to the family court's minutes from March 8, 2017, which states, "arguments made regarding the issue of the [Qualified Domestic Relations Order]." Further, the minutes also state that "Atty Brower argued proper jurisdiction over the [Qualified Domestic Relations Order] is the State of Texas." (Emphasis added.) There is nothing indicating that Atwood raised in the family court the issue he now asserts in his fifth point of error, and thus it is waived. See HRAP Rule 28(b)(4).

For the foregoing reasons, we affirm the family court's June 9, 2017 Court Order Acceptable for Processing Under The Federal Retirement System ("FERS") and September 5, 2017 Findings of Fact and Conclusions of Law.

DATED: Honolulu, Hawaiʻi, June 24, 2022.

On the briefs:

Scot Stuart Brower,
for Plaintiff-Appellant.

Christopher D. Thomas,
Semmes H. Bobo,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge